## GAZZAM *VS.* KIRBY.

1. In general, if there be a special parol agreement for the performance of any duty, no action will lie, until the duty has been actually performed.

2. And if the contract has been executed, the agreement to pay the money becomes absolute, and a recovery may be had upon the appropriate count for an *indebitatus assumpsit.*

3. If a party undertake to do work by a fixed time, or in a particular manner, but fails to perform it within the time, or according to the manner agreed; he cannot recover on the special contract.

4. But if the work done was of value to the defendant, plaintiff may recover on a *quantum meruit.*

5. I the work be so illy executed, as to b· of no benefit to the defendant, t'e p.aintiff is not entitled to recover any thing ; not even for materia.· furnished.

6. If the work performed is of less value to a defendant, when completed, after a stipulated time, than it would have been, had the contract been performed with punctuality,—it is competent for him to reduce the recovery by shewing that fact.

7. And, in such a case, the contract is good evidence to shew what estimate the parties originally placed on the work.

Error to the Circuit court of Mobile.

*Indebitatis assumpsit* for work and labor, tried before *Pickens, J.*

On the trial of the cause, the plaintiff offered in evidence, a written contract, executed by the parties, a copy of which is appended; to the reading of which, under the declaration, the defendant objected, but was over-

ruled, and the contract read to the jury. The plaintiff then introduced evidence, conducing to shew, that the work had been done substantially, as required by the contract, excepting as to time. The defendant introduced evidence tending to shew, it had not been so done. Evidence was given also, shewing that while the work was in progress, the defendant had' conveyed the property to some one else; and that such purchaser, after the work was finished, had used it. The work was not completed, until a few weeks after the time mentioned in the contract, but there was no evidence that any injury had resulted to defendant from that circumstance.

The court charged the jury, that if they were satisfied from the evidence, that the work was done substantially, as required by the terms of the contract, they were authorised to find for the plaintiff the amount specified in the contract, although the work might not have been completed, for a few weeks subsequent to the time stated in the contract—to which exception was taken.

The contract was as follows:

" Memorandum of an agreement made and concluded between A. H. Gazzam, of the one part, and Martin Kirby, of the other part, witnesseth: That the said Kirby agrees to fill up with sand and earth, a strip of ground adjoining land claimed by Gordon in the Favre Tract, beginning at a ditch, and extending south eighty feet, and to commence at a hillock or margin thrown up by the water, and extending out to the eastern limits of Water street, to be filled up above high tide. The costs of the plank for curbing along the sides, to be paid by said Gazzam, and when the said lot shall be so filled up,

Gazzam *vs.* Kirby.

said Gazzam shall pay the said Kirby twelve hundred dollars, and said Kirby binds himself, to have the work finished, in one month from this time, or sooner, if he can. Dated in Mobile, 17th March, 1836.

(Signed,) "A. H. GAZZAM,

"MARTIN KIRBY."

Verdict and judgment for plaintiff, to reverse which, a writ of error was sued out.

The plaintiff in error, assigned :

1. That the court erred in permitting the written contract to be read to the jury.

2. The court erred in charging, that the plaintiff could recover the amount specified in the contract, though the work was not completed within the time prescribed by it.

*Thornton*, for plaintiff in error.
*Campbell*, contra.

*Campbell*, for the defendant in error, to support the judgment below, cited 4 B. & P. 355; Buller's N. P. 139; Doug. 651; 7 John. 132; 4 Cowen, 564; 10 John. 36; 5 Mass. 391.

COLLIER, C. J.—The material inquiry in this case is, if one person agrees to perform certain work and labor for another, within a specified time, and that other undertakes to pay an agreed sum of money on its performance, and the work is done, though not within the stipulated time, will an action lie to recover so much as the person performing it deserved to have for his labor?

Gazzam *vs.* Kirby.

In general, if there be a special parol agreement, for the performance of any duty, no action will lie until the duty has been actually performed; yet, if the contract has been executed, the agreement to pay money becomes absolute, and a recovery may be had upon the appropriate count, for an *indebitatus assumpsit.* So, if a party undertake to do work by a fixed time, or in a particular manner, but fails to perform it within the time, or according to the manner agreed, he cannot recover upon the special contract; because, to entitle himself to its enforcement, he must allege and prove a performance according to its terms. But he is not remediless. If the work he has done was of value to the defendant, he may recover on the *quantum meruit.* If the work, however, is so illy executed, as to be of no benefit to the defendant the plaintiff is not entitled to recover any thing— not even for materials furnished. And if work is of less value to a defendant, when completed after a stipulated time, than it would have been, had the contract been performed with punctuality, it is competent for him to reduce the recovery, by showing that fact. As, if the price of labor had fallen between the time when the work should have been and was performed, or if it enhanced to a less extent the value of the property on account of the delay—or if the price originally agreed, was too much. We merely mention these, as instances, without pretending to say what precise limitations should be placed upon such a defence,—that there might be cases of injury to a defendant, so remote as not to allow of their being considered in diminution of damages, we think more than probable—(3 Starkie's Ev. 1768, 1769, 4 Wend. R. 290.)

Gazzam *vs.* Kirby.

In this case, the bill of exceptions informs us that the work was executed within a short time after the expiration of the period agreed on, and we must infer without any objection from the plaintiff in error, as none is shown. Moral justice, as well as law, then, declare that the plaintiff should make compensation. Though the contract was out of view, unless to show what estimate the parties originally placed on the work, there was no objection to its admission for that purpose. It was conclusive to show the *maximum* of the damages the jury could render, and served to prove the value which the plaintiff himself once placed on the work; yet the defendant may have given other evidence to this point. At any rate, it was not conclusive upon the plaintiff, and he might have lessened the verdict, by the introduction of any legal proof—(2 Starkie's Ev. 97, and cases cited in notes.)

But it is objected, that the jury, in their inquiries, were restricted by the charge of the court, and were informed that the measure of damages should be the price agreed to be paid by the contract of the plaintiff.

The instructions of the judge to the jury, we think, do not authorise such an interpretation. They are explicitly informed, that "they were authorised to find the amount specified in the contract;" if the work was performed substantially, as it contemplated, except as to time. He does not say to them, that that *must* be the measure of their finding—only that it *may*. In this, as we have shown, there is no error. If no evidence was given, as we may well suppose, from the silence of the bill of exceptions, to diminish the damages, the criterion

fixed by the contract, seems to us to have been the only guide for the jury to follow.

We are of opinion that the judgment of the Circuit court must be affirmed.