| 82 | 459 |
| 136 | 600 |

# McPherson *v.* Robertson.

### *Action between Partners, on Agreement for Dissolution.*

1. *Damages for breach of contract; when certain, or susceptible of ascertainment by money standard.*—Under a written agreement between partners for a dissolution and settlement, containing a stipulation that moneys collected by either should be placed in bank, that a correct cash account should be kept of the same, and that neither should apply any of the partnership effects to his own use, damages for a breach thereof may be measured and ascertained, with absolute or proximate certainty, by a money standard; but not for the breach of a stipulation that a final settlement of the accounts shall be made on a specified day, if the partnership liabilities are not liquidated before that day.

2. *Stipulated damages, or penalty, in bond containing several stipulations.* In a writing under seal containing several stipulations to be performed by each of the parties, some of which are of such character that damages for a breach can not be measured or ascertained, either absolutely or proximately, by a money standard; a clause providing that, for a breach by either party of "any of the obligations of this contract," he shall forfeit to the other a specified sum "as damages,"—the sum specified is mere penalty, and not liquidated damages, and is not recoverable in gross for a partial breach.

3. *Judgment by default, without jury.*—In an action upon a written contract under seal, to recover the sum specified as damages to be forfeited by either party for a breach of any of its stipulations, a partial breach only being alleged, it is error to render judgment final by default, without a writ of inquiry, for the entire amount specified, when it is mere penalty, and not liquidated damages.

4. *Action at law between partners* —On the dissolution of a partnership, a written agreement being entered into for a settlement of their business, containing a stipulation that, if the partnership liabilities are not liquidated by a certain day, a final settlement of the accounts shall be had on that day, a settlement of the partnership accounts must be had in equity, before an action at law can be maintained for a breach of the stipulation.

APPEAL from the Circuit Court of Calhoun.

Tried before the Hon. LEROY F. BOX.

This action was brought by T. L. Robertson against J. O. McPherson, and was commenced on the 5th June, 1886. The action was founded on a written contract, under seal, signed by both parties, and dated October 16th, 1884, in these words: "This agreement and contract witnesseth, that the said T. L. Robertson and J. O. McPherson hereby agree, by mutual consent, that the partnership now existing between them in the drug business, under the firm name of Robertson & McPherson, shall be, and is this day, dissolved in the following manner: The said parties agree and bind

themselves, each for himself, that one member of the said firm shall place a price on the stock of drugs now on hand, and the other member shall be compelled by this obligation to take said stock of goods at the price so placed on them; or, failing to do so, the party pricing them shall be entitled by this agreement to take them at that price; and it is agreed that the member who buys the stock of drugs shall be charged with them as cash assets, and shall be bound to so account on final settlement. And it is further agreed, that none of the assets of the firm shall be appropriated by either member for any individual, or other purposes whatever, except for the liquidation of the liabilities of the firm; and it is agreed, also, that all moneys collected on debts due the firm shall be placed in bank at the close of each day, and a correct cash account kept of the same. And each member of said firm hereby obligates himself that a final settlement shall be had at an early day, or as soon as the liabilities of the firm can be met and liquidated by the assets; and that said final settlement shall be made by payment in cash, or by the execution of satisfactory papers; and if said liabilities are not liquidated by the 1st January, 1885, it is agreed that a final settlement shall be had at that date. And it is further agreed, that all uncollected assets at the time of final settlement shall be placed, for collection, in the hands of some responsible person, and deposited in bank as collected, to be drawn by the members of the firm in the presence of each other. And the said parties agree, and by these presents obligate themselves, each for himself, that if either of them break or violate any of the obligations of this contract and agreement, then the party so breaking or violating such obligation shall forfeit to the other, as damages, the sum of one thousand dollars. Witness our hands and seals," &c.

The complaint set out this written instrument, and alleged breaches, as copied in the opinion of the court. There was judgment final by default, for $1,000, besides costs; and this judgment is here assigned as error.

PEARCE, KELLY & SMITH, for the appellant, cited Code, § 2982; *Cowles v. Garrett's Adm'r*, 30 Ala. 341; *Morrow v. Riley*, 15 Ala. 710; Parsons on Partnership, § 276; 2 Brick. Digest, 309, §§ 138-43.

STONE, C. J.—Plaintiff and defendant being partners in the sale of drugs and medicines, in October, 1884, entered into a written contract of dissolution, signed by each of the partners. The stipulations were and are mutual, and pro-

vide for the doing of several things by each alike, all looking to an early settlement of the partnership accounts. Some of these stipulations are of such a character, that damages for the breach of them can be measured and ascertained by a money standard, with absolute or proximate certainty. Others are such that damages for their breach are in their nature uncertain, and are not capable of being ascertained by any satisfactory and known rule. Among the former we may mention the agreement, that neither party should apply any of the partnership effects to his personal uses, and that moneys collected by either should be placed in bank, and a correct cash account kept of the same. Among the latter is the stipulation, that if the liabilities of the partnership are not liquidated by the 1st day of January, 1885, then a final settlement of the partnership accounts was to be had at that date. The concluding clause of the agreement of dissolution is in the following terms : "And the said T. L. Robertson and J. O. McPherson agree, and by these presents obligate themselves, each for himself, that if either of them break or violate any of the obligations of this said contract and agreement, then the party so breaking or violating such obligation shall forfeit to the other, as damages, the sum of one thousand dollars."

The present suit was commenced by Robertson, against McPherson, in June, 1886. It declares on the written agreement of dissolution, setting it out *in haec verba*. The breaches assigned are as follows : "Yet, although plaintiff has complied with all its provisions on his part, the defendant has failed to comply with the following provisions thereof, to-wit : 1st. Defendant failed and refused to join in a final settlement of the partnership business on the 1st day of January, 1885, as stipulated in said agreement, and has never been ready at any time since said 1st day of January, 1885, to go into said final settlement, although repeatedly asked by plaintiff to do so. 2d. Defendant has appropriated assets of said firm to his individual or other purpose, besides the liquidation of the liabilities of said firm."

In reference to these breaches it may be observed, that the first fails to aver that the liabilities of said partnership had not been "liquidated by the 1st day of January, 1885 ;" and the second one fails to aver any amount of assets of said firm, misappropriated by McPherson. It is not our intention, however, to decide this case on the mere form of the pleadings.

The defendant failed to plead to said complaint, or to make any defense thereto, and judgment by default final

[McPherson v. Robertson.]

was taken against him, for one thousand dollars, without the intervention of a jury. Was the sum of one thousand dollars, expressed in the contract, stipulated damages, or was it a mere penalty?

Few questions in the law-books are more difficult of satisfactory solution, than the one propounded above. Much has been written upon it, with some contrariety of conclusion. There is little or no dissent from the following propositions : When a sum in gross is promised to be paid, on the breach of a promise to pay a smaller sum, or on the failure to do an act, or perform a duty, the damages for the failure to do or perform which can be ascertained by a satisfactory rule or standard, then the sum promised is penalty, and not a sum certain to be recovered in *numero*. When the act or duty to be performed is entirely of a class, the damages for the breach of which can not be ascertained proximately by any standard or known rule, then a promise to pay a gross sum on the breach or non-performance of such obligation is agreed compensation, or liquidated damages. And there are other classes of cases, in which it is held that the sum promised is the agreed and fixed compensation for the breach.—2 Green. Ev. § 258–9 ; 2 Sedg. Dam. (7th ed.) 200, *et seq.*

There is another class, somewhat intermediate. Agreements sometimes contain more stipulations than one, and then express a promise to pay a gross sum, on the breach of such agreement. The sum thus expressed and promised is treated as the agreed compensation, or recoverable damages, for an entire breach of all the stipulations, and, hence, not recoverable in gross for a partial breach, and, consequently, are not liquidated damages. And this rule applies, where, as in this case, some of the stipulations are of a class, for whose breach there is no known or satisfactory rule for estimating the damages, provided there are other stipulations, one or more, to which a known rule or standard of damages can be applied. This principle is fully sustained by the following authorities, and we will act on it: *Hooper v. S. & M. R. R. Co.*, 69 Ala. 529, and authorities cited ; *Astley v. Welden*, 2 Bos. & Pul. 346 ; *Kemble v. Farren*, 6 Bing. 141 ; *Gray v. Crosby*, 18 Johns. 219 ; *Dakin v. Williams*, 17 Wend. 447 ; s. c., 22 *Ib.* 201 ; *Jackson v. Baker*, 2 Edw. Ch. 471 ; *Beale v. Hayes*, 5 Sandf. 640 ; *Niver v. Rossman*, 18 Barb. 50 ; *Hea·d v. Bowers*, 23 Pick. 455 ; *Shute v. Taylor*, 5 Metc. (Mass.) 61 ; *Curry v. Larer*, 7 Penn. St. 470 ; *Carpenter v. Lockhart*, 1 Car. (Ind.) 434 ; *Moore v. Platte County*, 8 Mo. 467 ; *Gower v. Saltmarsh*, 11 Mo. 271 ;

[McHan v. Ordway, Dudley & McGuire.]

*Bright v. Rowland,* 3 How. (Miss.) 398 ; 3 Pars. Contr. (7th ed.) 171, *et seq.* and *notes* (bottom page.)

The one thousand dollars, expressed in the agreement we have been considering, was not liquidated damages, but was mere penalty ; and only a jury could assess the damages. The Circuit Court erred in rendering judgment final on the default.

One of the breaches assigned is the failure of McPherson to settle the partnership accounts according to the agreement. As the complaint now stands, there can be no recovery at law for that breach. To justify a recovery on that ground, and to fix *data* for the assessment of damages, an accounting and adjustment of the partnership dealings must be had. This neither the jury nor the common-law court was competent to make.—*Vincent v. Rogers,* 30 Ala. 471 ; *Vincent v. Martin,* 79 Ala. 540 ; *Jackson v. King,* at present term, *ante,* p. 432.

Whether, if an adjustment in chancery of the partnership accounts had been rendered necessary by McPherson's refusal to come to a settlement, Robertson could recover the cost and damages he had been thereby forced to incur and sustain, is a question not before us, and we will not consider it.

Reversed and remanded.