# Keeble *v.* Keeble.

*Action on Common Counts; Plea of Set-off.*

1. *Liquidated damages, or penalty; general rules.*—In construing a stipulation in a written contract for the payment of a specified sum of money on a contingency, with a view to determine whether it is to be regarded as liquidated damages or as a penalty, the authorities establish the following general rules, "each having more or less weight according to the peculiar circumstances of the case and the nature of the contract to be construed:"

"1.   The court will always seek to ascertain the true and real intention of the contracting parties, giving due weight to the language or words used in the contract, but not always being absolutely controlled by them, when the enforcement of such contract operates with unconscionable hardship, or otherwise works an injustice.

"2.   The mere denomination of the sum to be paid as liquidated damages, or as a penalty, is not conclusive on the court as to its real character.    Although designated as liquidated damages, it may be construed as a penalty; and often, when called a penalty, it may be held to be liquidated damages, when the intention to the contrary is plain.

"3.   The courts are disposed to lean against any interpretation of a contract which will make it liquidated damages; and in all cases of doubtful intention, will pronounce the stipulated sum a penalty.

"4.   Where the payment of a smaller sum is secured by an obligation to pay a larger sum, it will be held a penalty, and not liquidated damages.

"5.   Where the agreement is for the performance or non-performance of a single act, or of several acts, or of several things which are but minor parts of a single complex act, and the precise damage resulting from the violation of each covenant is wholly uncertain, or incapable of being ascertained save by conjecture, the parties may agree on a fixed sum as liquidated damages, and the

[Keeble v. Keeble.]

courts will so construe it, unless it is clear, on other grounds, that a penalty was really intended.

"6. When the contract provides for the performance of several acts of different degrees of importance, and the damages resulting from the violation of some, although not all of the provisions, are of easy ascertainment, and one large gross sum is stipulated to be paid for the breach of any, it will be construed a penalty, and not as liquidated damages.

"7. When the agreement provides for the performance of one or more acts, and the stipulation is to pay the same gross sum for a partial as for a total or complete breach of performance, the sum will be construed to be a penalty.

"8. Whether the sum agreed to be paid is out of proportion to the actual damages which will probably be sustained by a breach, is a fact into which the court will not enter on inquiry, if the intent is otherwise made clear that liquidated damages and not a penalty is in contemplation.

"9. Where the agreement is in the alternative, to do one of two acts, but is to pay a larger sum of money in the one event than in the other, the obligor having his election to do either, the amount thus agreed to be paid will be held liquidated damages, and not a penalty.

"10. In applying these rules, the controlling purpose of which is to ascertain the real intention of the parties, the court will consider the nature of the contract, the terms of the whole instrument, the consequences naturally resulting from a breach of its stipulations, and the peculiar circumstances surrounding the transaction; thus permitting each case to stand, as far as possible, on its own merits and peculiarities."

2. *Same; case at bar.*—On the dissolution of a mercantile partnership between plaintiff and defendant, the latter buying out the interest of the former, assuming the debts, continuing the business, and employing the former as business manager at a stipulated salary payable monthly; a stipulation in the written contract between them, by which plaintiff covenanted to wholly abstain from the use of intoxicating liquors, or to forfeit and pay one thousand dollars "as liquidated damages," is construed to mean liquidated damages, and not a mere penalty.

APPEAL from the City Court of Selma.

Tried before the Hon. JONA. HARALSON.

This action was brought by Henry C. Keeble, against Mrs. Julia P. Keeble, as executrix of the last will and testament of her deceased husband, Richard C. Keeble; and was commenced on the 16th November, 1886. The complaint contained only the common counts, for money had and received, money ·lent, and work and labor performed by plaintiff for defendant's testator in his life-time. The defendant filed a special plea of set-off, in substance as follows: (7.) For several years next prior to the 1st March, 1882, plaintiff and said testator were engaged in business in the city of Selma, as wholesale and retail grocery-merchants, as partners under the firm name of R. C. Keeble & Co. On March 1st, 1882, the testator purchased the plaintiff's entire interest in the business and assets of the partnership, con-

[Keeble v. Keeble.]

tinuing the business under the same name, plaintiff being a
nominal partner, but employed at a stated salary. This
state of things continued until October 1st, 1885, when they
entered into a written contract, which was set out in the
plea; but, in the meantime, plaintiff had become addicted
to the excessive use of intoxicating liquors. This written
contract, after reciting that R. C. Keeble had $7,000 in-
vested in his business which belonged to plaintiff, and
plaintiff's employment at a monthly salary of $3,333, con-
tained a stipulation in these words: "The said Henry C.
Keeble hereby covenants with the said Richard C. that, dur-
ing the time this contract is in force, and while he is in the
business of R. C. Keeble & Co., he will wholly abstain from
the use of intoxicating liquors, and will continue and remain
sober, giving his time, attention, labor and skill to the busi-
ness of R. C. Keeble & Co.; and in the event he shall violate
this covenant, so that, while in the employment of said Rich-
ard C., he shall become intoxicated by reason of the use of
intoxicants, he hereby covenants with the said Richard C.
that he will forfeit and pay to the said Richard C., as liqui-
dated damages, the sum of one thousand dollars, and that
the said Richard C. may retain the said sum out of any
money he may owe said Henry." The 7th plea, after set-
ting out this contract, averred "that said Henry C. served said
Richard C., under said contract, until the 15th October, 1883,
faithfully, and without becoming intoxicated; that on said
October, 1883, he became drunk, and, while in the service and
employment of said Richard C., continued intoxicated from
the excessive use of intoxicating liquors and stimulants for a
long time, to-wit, until the 1st day of November, 1883, so
as to become incapable of rendering any valuable service to
said Richard C. under said contract, to the great damage
and annoyance of said Richard C., and, by his rude and
disorderly conduct in the store-house of said Richard C.,
greatly disturbed and annoyed said Richard C., his employees,
and customers; that said Henry C. afterwards rendered
no valuable labor or services for said Richard C.; that on
the 18th March, 1884, said Richard C. paid said Henry in
full for all the money loaned, all the work and labor done,
and all the services peformed for him by said Henry, and
all the matters stated in said complaint over and above said
sum of $1,000, stated in said contract as liquidated dama-
ages; and defendant hereby offers to set off said sum of

[Keeble v. Keeble ]

either, the amount thus agreed to be paid will be held liq-
uidated damages, and not a penalty.

10.   In applying these rules, the controlling purpose of
which is to ascertain the real intention of the parties, the
court will consider the nature of the contract, the terms of
the whole instrument, the consequences naturally resulting
from a breach of its stipulations, and the peculiar circum-
stances surrounding the transaction; thus permitting each
case to stand, as far as possible, on its own merits and pe-
culiarities.

These rules are believed to be sustained by the preponder-
ance of judicial decision.—*Graham v. Bickham*, 1 Amer.
Dec. 328, and NOTE on pp. 331–340; *Williams v. Vance*,
30 Amer. Rep. 26, and NOTE pp. 28–36; 1 Pom. Eq. Jur.
§§ 440–446; *McPherson v. Robertson*, 82 Ala. 459; *Hooper
v. S. & M. R. R. Co.*, 69 Ala. 529; *Watts v. Sheppard*,
2 Ala. 425; Bishop on Contr., § 1452; *Curry v. Laver*,
7 Penn. St. 470; s. c., 49 Amer. Dec. 486; *Foley v. McKee-
gan*, 4 Iowa, 1; s. c., 66 Amer. Dec. 107; *Nash v. Hermo-
silla*, 9 Cal. 584; s. c., 70 Amer. Dec. 676; *Muse v. Swayne*,
2 Lea, 251; s. c., 70 Amer. Rep. 607; 2 Greenl. Ev. § 258.

The appellant was in the employment of the appellee's
testator as a business manager, at very liberal wages, having
been a partner with him in the mercantile business, under
the firm name of R. C. Keeble & Co.   Although he was but
an employee, having sold to R. C. Keeble his entire interest
in the partnership business, he remained ostensibly a partner.
The terms of the employment, reduced to writing, imposed
on the appellant, Henry Keeble, the obligation, among other
duties, "to wholly abstain from the use of intoxicating
liquors," and "to continue and remain sober," giving his
diligent attention to the business of his employer; and prom-
ising, in the event he should become intoxicated, that he
would pay, "as liquidated damages," the sum of one thousand
dollars, which the testator, Richard Keeble, was authorized
to retain out of a certain debt he owed the appellant.   The
appellant violated his promise by becoming intoxicated, and
remained so for a long time, and acted rudely and insultingly
towards the customers and employees of the testator, and
otherwise deported himself, by reason of intoxication, in
such manner as to do injury to the business.

It is not denied by appellant's counsel, that this is a total
breach of the promise to keep sober.   Nor is it argued that
the damage resulting from the violation of such a promise

can be ascertained with any degree of certainty; nor even that the amount agreed to be 'paid, as liquidated damages, in the event of a breach, is disproportionate to the damages which may have been actually sustained in this case. But the contention seems to be, that, inasmuch as it was possible for a breach to occur with no actual damages other than nominal, the amount agreed to be paid should be construed to be a penalty. Unless this view is correct, the application of the foregoing rules, to the construction of the agreement, manifestly stamps it as a stipulation for liquidated damages, and not a penalty. It is argued, in other words, that becoming intoxicated in private, while off duty, would be a violation of the contract, but would be attended with no actual damage to the business of R. C. Keeble & Co. This fact would not, in our opinion. except the case from the operation of the rules above enunciated. There are but few agreements of this kind, where the stipulation is to do or not to do a particular act, in which the damages may not, according to circumstances, vary, on a sliding scale, from nominal damages to a considerable sum. One may sell out the good will of his business in a given locality, and agree to abstain from its further prosecution, or, in the event of his breach of his agreement, he may stipulate to pay a certain sum as liquidated damages—as for example, not to practice one's profession as a physician or lawyer; not to run a steamboat on a certain river, or to carry on the hotel business in a particular town; not to re-establish a newspaper for a given period, or to carry on a particular branch of business within a certain distance from a named city. In all such cases, as often decided, it is competent for the parties to stipulate for the payment of a gross sum, by way of liquidated damages for the violation of the agreement; and for the very reason, that such damages are uncertain, fluctuating, and incapable of easy ascertainment.—*Williams v. Vance;* 30 Amer. Rep. 29–31, *Note; Graham v. Bickham,* 1 Amer. Dec. 336–338, *Note;* 1 Pomeroy's Eq. Jur. § 442, *note* 1. It is clear that each of these various agreements may be violated by a substantial breach, and yet no damages might accrue except such as are nominal. The obligor may practice medicine, and possibly never interfere with the practice of the other contracting party; or practice law without having a paying client; or he may run a steamboat without a passenger, or a hotel without a guest, or carry on a newspaper without the least injury to any competitor. But the

law will not enter upon an investigation as to the *quantum* of damages in such cases. This is the very matter settled by the agreement of the parties. If the act agreed not to be done, is one from which, in the ordinary course of events, damages, incapable of ascertainment save by conjecture, are liable naturally to follow, sometimes more and sometimes less, according to the aggravation of the act, the court will not stop to investigate the extent of the grievance complained of as a total breach, but will accept the sum agreed on as a proper and just measurement, by way of liquidated damages, unless the real intention of the parties, under the rules above announced, designed it as a penalty.

We may add, moreover, that no one can accurately estimate the physiological relation between private and public drunkenness, nor the causal connection between intoxication one time and a score of times. The latter, in each instance, may follow from the former, and the one may naturally lead to the other. There would seem to be nothing harsh or unreasonable in stipulating against the very source and beginning of the more aggravated evil sought to be avoided. The duty resting on the court, in all these cases, is to apply the settled rules of construction, so as to ascertain the legally expressed and real intention of the parties. Courts are under no obligations, nor have they the power, to make a wiser or better contract for either of the parties, than he may be supposed to have made for himself.

The court below, in our judgment, did not err in holding, as it did by its rulings, that the sum agreed to be paid the appellee's testator was liquidated damages, and not a penalty.

Affirmed.