# Henry *v.* Louisville & Nashville Railroad Co.

### *Action on Penal Bond, Assigning Breaches.*

1. *Bond for removal of cause into Federal court; damages on breach.* Under a bond given on the removal of a cause from a State court into a United States court (24 U. S. Stat. at large, 552, ch. 373; 25 *Ib.* 433, ch. 866), conditioned that the party asking the removal "shall enter in said Circuit Court of the United States, on the first day of the next term thereof, a copy of the record in said suit, and shall pay all costs that may be awarded by said court, if said court shall hold that said suit was wrongfully or improperly removed," the amount specified as the penalty is not to be regarded as liquidated damages, but the obligors are only bound for the damages actually resulting from a breach; yet proof of failure to file the record, without more, entitles the plaintiff to nominal damages at least.

ιHenry v. Louisville & Nashville Railroad Co.]

APPEAL from the City Court of Decatur.
Tried before the Hon. WM. H. SIMPSON.

W. R. FRANCIS, and JOHN D. WATSON, for appellant, cited *Clark v. Barnard*, 108 U. S. 436; *Keeble v. Keeble*, 85 Ala. 552; Murfree on Official Bonds, 452.

BRICKELL & HARRIS, and J. C. EYSTER, *contra:*

STONE, C. J.—The present suit was brought on a bond given in obtaining an order removing a cause from a State court to the Circuit Court of the United States, under the acts of Congress, 24 U. S. Stat. at large, p. 552. chap. 373; and 25 *Ib.* p. 433, chap. 866. The bond is in the penalty of five hundred dollars, and the conditions are, that "if said Louisville & Nashville Railroad Company shall enter in said Circuit Court of the United States, on the first day of the next term thereof, a copy of the record in said suit, and shall pay all costs that may be awarded by said Circuit Court, if said court shall hold that said suit was wrongfully or improperly removed thereto, then this obligation to be void; otherwise to remain in full force and effect." The bond was executed May 9, 1888, and this suit was brought September 17, 1889. The only breach alleged is, "that said Louisville & Nashville Railroad Company failed to enter in said Circuit Court of the United States, on the first day of the next term thereof, a copy of the record of said suit, to the damage of the plaintiff as above stated," five hundred dollars. The case was tried on agreed facts, in which the railroad company admitted that it had not filed or entered in the United States Circuit Court a copy of the record in said suit, either on the first day of the term of the court next after the order of removal was made, or at any other time until after the present suit was brought.

It was a part of the admitted facts in the trial of this case, that the plaintiff, Henry, moved in the United States court to remand the cause to the State court, on account of the railroad's failure to file the copy-record at the first term after the order of removal was made, and that his motion was overruled. We are not informed whether that case has ever been tried.

This case was tried in the City Court without a jury, and, under the rulings of the court, the defendant had judgment. The seriously mooted question on this appeal is, whether the removal-bond is to be treated as liquidated damages, or as a penalty.

Counsel have not referred us to any adjudged case which

[Henry v. Louisville & Nashville Railroad Co.]

interprets this clause, although the substance of it, pursuing the act of Congress, is found in all cases of removal which require a bond as a condition of the order. Nor have we, after somewhat careful examination, found any case specially in point. In fact, we have found no case which declares what damages are recoverable, when there is a breach of the condition to enter a "copy of the record" in the United States court. We can conceive of actual damage—such, for instance, as supervening insolvency of the defendant—which might be recoverable. Injury from mere delay, however, would probably be classed as speculative, furnishing no standard for its measurement, and therefore too uncertain to be a ground of recovery. *Pollock v. Gantt*, 69 Ala. 373 ; *Beck v. West*, 87 Ala. 213.

The question before us is frequently one of difficult solution. Certain rules or canons have been declared, from which we are not inclined to depart. Among them, we may repeat the following, as applicable to the case in hand : "When the contract provides for the performance of several acts of different degrees of importance, and the damages resulting from the violation of some, although not all of the provisions, are of easy ascertainment, and one gross sum is stipulated for the breach of any, it will be construed a penalty, and not as liquidated damages."—*Keeble v. Keeble*, 85 Ala. 552. "Agreements sometimes contain more stipulations than one, and then express a promise to pay a gross sum, on the breach of such agreement. The sum thus expressed and promised is treated as the agreed compensation, or recoverable damages, for an entire breach of all the stipulations, and, hence, not recoverable in gross for a partial breach, and consequently are not liquidated damages ; and this rule applies, where some of the stipulations are of a class for whose breach there is no known or satisfactory rule for estimating the damages, provided there are other stipulations, one or more, to which a known rule or standard of damages can be applied."—*McPherson v. Robertson*, 82 Ala. 459.

The bond sued on in this case bound the makers to pay the costs of the removal, if the Circuit Court of the United States should hold that said suit was wrongfully or improperly removed. These costs, if remandment had been awarded, would have been susceptible of precise ascertainment, and hence this case falls directly within the rule last above declared. The five hundred dollars must be held to be a penalty, and not liquidated damages.

The trial court gave judgment for the defendant. This, we hold, was error. It was the legal and bounden duty of the defendant railroad company to enter or place a copy of the

record in the hands of the clerk of the United States court, by the first day of its first term next after the order of removal. This was not done. This breach of obligation and duty entitled plaintiff to nominal damages, at least.—3 Brick. Dig. 293, §§ 4, 5.

Reversed and remanded.