# Mansur & Tebbets Implement Co. *v.* The Tissier Arms & Hardware Co.

*Action to recover Damages for the Breach of a Contract.*

1. *Damages; when stipulated damages constitutes penalty and not liquidated damages.*—Where a merchant in ordering goods from a manufacturer enters into an agreement to pay 20 per cent. of the invoice price of the goods ordered, if he should countermand the order in whole or any part, or delay the order beyond the then season, the amount so stipulated in the contract to be paid is a penalty and not liquidated damages.

APPEAL from the City Court of Selma.

Tried before the Hon. JOHN W. MABRY.

This action was brought by the appellant against the appellee. The complaint as amended contained two counts, which were substantially the same with the exception that 2d count was fuller and entered more into detail as to the averments of the contract alleged to have been breached by the defendant.

In the 2d count the complaint claimed $566.60 for that on January 13, 1900, the defendant made an order

[Mansur & Tebbets Implement Co. v. The Tissier Arms & Hdw. Co.]

which was partly in printing and partly in writing from the plaintiff of 47 carriages, buggies and doctor's phaetons of the invoice price of $2,933.00, to be shipped by the plaintiff from St. Louis to the defendant at Selma, on the 1st day of April, 1900; that at that time the plaintiff carried on the business of manufacturing carriages, buggies, etc., and accepted said order and manufactured the 47 carriages, buggies, and doctor's phaetons for the defendant. It was then averred in said count that the defendant in said order agreed not to countermand said order or any part of the same, or to have the shipment held beyond the then present season, except on the payment to the plaintiff of 20 per cent. of the invoice price of said goods as liquidated damages, and further agreed in the event it countermanded said order or prevented the shipment as per contract, to pay the plaintiff said 20 per cent as liquidated damages; that ever since the 1st day of April, 1900, defendant has been ready and willing to ship said goods according to the terms of the order, but that the plaintiff countermanded said order and prevented the shipment of said goods and has not paid said 20 per cent or any part thereof, although often requested so to do, to the damage of plaintiff; wherefore the plaintiff says it is injured, and the defendant has become liable to it for the sum of $566.60.

To each of these counts of the complaint the defendant demurred upon several grounds, which may be summarized as follows: 1. Said count fails to show how or to what amount the plaintiff was damaged by the breach of the promise as alleged in said count. 2. Said count shows that the amount claimed is a mere penalty, and fails to show in what way or to what extent plaintiff was damaged. 3. It is shown by each of the counts of said complaint that the 20 per cent of the invoice price of said order claimed in each of said counts as "liquidated damages," is by the terms of said order an amount stipulated in said order for a penal sum and not for liquidated damages, and the plaintiff in its said complaint does not state or show that the plaintiff was in

any way injured by the breach of said contract as averred in said complaint, to an amount of which this court has jurisdiction.

The court sustained the demurrers to each of the counts of the complaint; and the plaintiff declining to amend its complaint or plea further, judgment was rendered in favor of the defendant. From this judgment the plaintiff appeals, and assigns as error the judgment of the court in sustaining the demurrers to the amended complaint, and in rendering judgment in favor of the defendant.

J. R. SATTERFIELD, for appellant.—The amount sued for in this case was an amount due as liquidated damages for the breach of the contract counted upon.—*Keeble v. Keeble,* 85 Ala. 552; *Clement v. Cash,* 21 N. Y. 258; *Cotheal v. Talmage,* 9 N. Y. 551; 19 Amer. & Eng. Ency. of Law, (2d ed.), 404, 406, note; *May v. Crawford,* 142 Mo. 390; *Williams v. Green,* 14 Ark. 327.

PETTUS, JEFFRIES & PARTRIDGE, *contra.*—The complaint filed in this case shows that the sum sued for is a penalty merely; and the demurrers to the complaint were, therefore, properly sustained.—*Keeble v. Keeble,* 85 Ala. 552; *Henry v. L. & N. R. R. Co.,* 91 Ala. 585; *McPherson v. Robertson,* 82 Ala. 459. There will be found a full discussion of the distinctions between "liquidated damages" and a "penalty" in note to *Graham v. Bickham,* 1 Amer. Dec. 328, note pp. 331, 340; *Williams v. Vance,* 30 Amer. Rep. 26 and note; *Watt's Exces. v. Sheppard,* 2 Ala. 445.

DOWDELL, J.—The plaintiff sues to recover the sum of five hundred and sixty-six and 60-100 dollars ($566.-60), that being the twenty per cent. stipulated to be paid in the contract described in the complaint. The only question is, whether the sum agreed to be paid is to be considered by the court as a *penalty* or as *liquidated damages.*

In *Keeble v. Keeble,* 85 Ala. 552, this court, in a well considered case, and after reviewing the authorities, has laid down certain rules which in a great measure furn-

ish a safe guide in the solution of a question which has so much embarrassed the courts in its determination. Without repeating all of the rules or canons there stated, we will here mention two, which we think applicable, and seem to be conclusive of the case before us:

"6. When the contract provides for the performance of several acts of different degrees of importance, and the damages resulting from the violation of some, although not all of the provisions, are of easy ascertainment, and one large gross sum is stipulated to be paid for the breach of any, it will be construed a penalty, and not as liquidated damages."

"7. When the agreement provides for the performance of one or more acts, and the stipulation is to pay the same gross sum for a *partial* as for a total or complete breach of performance, the sum will be construed to be a penalty."

In the contract described in the complaint the agreement is to pay 20 per cent. of the invoice price of the goods ordered of the plaintiff, if the defendant countermanded the order in whole, or in part, or delayed the order beyond the then season. That the measure of damages in the event of a breach in either of the particulars named, would be a matter of easy ascertainment seems clear, and equally plain that the damages would not be the same for the different breaches. The case we think fairly falls within the influence of the rules of construction above stated. That the parties to the contract denominate the sum to be paid for a failure of performance *liquidated damages,* can make no difference. On the authority of *Keeble v. Keeble, supra,* as well as other cases hereafter cited, we hold that the amount stipulated in the contract is a penalty and not liquidated damages.—*Henry v. L. & N. R. R. Co.,* 91 Ala. 585; *McPherson v. Robertson,* 82 Ala. 459; *Watts' Execs. v. Sheppard,* 2 Ala. 445; *Graham v. Bickham,* 1 Am. Dec. 328, and note to this case containing full discussion of the question; *Williams v. Vance,* 30 Am. Rep. 26, and note.

There is no error in the record, and the judgment appealed from will be affirmed.