## THOMAS LAWRENCE QUIGLEY v. C. S. BRACKETT COMPANY.[1]

### January 23, 1914.

### Nos. 18,340—(219).

**Deposit of wages — liquidated damages.**
> An employee hired for no definite time was required to deposit a month's wages with the employer to guarantee that he would keep sober while at work.  The jury under proper instructions found that the agreement relating to the deposit was not one for liquidated damages.  The evidence supports the finding.

Action in the municipal court of Minneapolis to recover $75 for services.   The defense is stated in the opinion.   The case was tried

[1] Reported in 145 N. W. 29.

---

Note.—On the general question whether a sum deposited to secure performance of a contract is a penalty or liquidated damages, see note in 38 L.R.A.(N.S.) 847.

before Montgomery, J., who denied plaintiff's motion for a directed verdict and a jury which returned a verdict for $83.66 in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*A. S. Keyes* and *Henry Ebert,* for appellant.

*Edward M. Nash,* for respondent.

HOLT, J.

Plaintiff worked for defendant from October 4, 1910, until some time in March following as a compounder of liquors. When hired it was agreed that the first month's wages, $75, should be retained by defendant "on the conditions that I wouldn't get drunk while I was in their employ," as plaintiff testifies. Plaintiff sues for the $75 retained under this agreement. The defense is, plaintiff was discharged for repeatedly becoming intoxicated while at work, and thereby defendant became entitled to the money as liquidated damages. The court assumed that plaintiff breached the agreement, and submitted to the jury the single question whether the deposit was in the nature of liquidated damages or a penalty. No point is made that the answer was not for the jury. No fault is found with the guide given them for determining the issue, and which was practically in line with Taylor v. Times Newspaper Co. 83 Minn. 523, 86 N. W..760, 85 Am. St. 473. Hence the only matter presented here is the sufficiency of the evidence to sustain the finding that the money could not be retained by defendant as liquidated damages.

Courts are inclined to place that construction upon contracts of this nature which will give actual compensation for a breach rather than one which creates a forfeiture. The considerations to be kept in mind in construing such contracts are well stated in Keeble v. Keeble, 85 Ala. 552, 5 South. 149. We need not discuss these in detail as applied to the instant case. It is sufficient to point out that judging from the salary, the position plaintiff filled could not have been of great consequence to defendant. He did not come in direct contact with its customers, for he worked in the cellar, and the effect of his blends could neither have attracted nor deterred the trade. And, what perhaps weighs most, he was not hired for any

definite time, nor does the evidence disclose any suggestion that his position was likely to be of any permanency. The service could be terminated at any time at the pleasure of either party. In Keeble v. Keeble, supra, the one who contended that the stipulated liquidated damages should be construed as a penalty held the position of ostensible partner and manager of the business at a large salary. It is easy to perceive how a breach of an agreement to keep sober by such an employee would result in large damages, difficult of ascertainment, to the employer. The case of Henderson v. Murphree, 109 Ala. 556, 20 South. 45, also cited by appellant, is where a person, without capital, was taken into a partnership, on condition that if he got drunk the partnership terminated and his interest therein became forfeited to the firm, and that, in such event, for the time he had been a member of the firm, stipulated wages should be paid him. Neither case is authority for holding that the parties to this action intended the deposit as anything more than security for payment of damages resulting from a breach of the condition.

Order affirmed.