178 So. 215

**JOBE–ROSE JEWELRY CO. v. CITY OF BIRMINGHAM et al.**

**6 Div. 209.**

Supreme Court of Alabama.

Jan. 13, 1938.

Basil A. Wood, of Birmingham, for appellant.

John S. Foster, of Birmingham, for appellees.

GARDNER, Justice.

A final decree was rendered in the case of Jobe-Rose Jewelry Company versus William M. Leary et al.; and execution ordered issued to satisfy the sum recovered therein against said William M. Leary. The sheriff attempted to levy upon certain stadium certificates issued by and in the name of the City of Birmingham, in conjunction with the park and recreation board of said city, an agency of the city by virtue of the Act approved September 29, 1923, General Acts 1923, p. 707, in which certificates defendant Leary is alleged to have some interest.

Motions to quash the levy were made by both the city and the board, in which it is alleged the levy was purported to have been made under section 7820, Code of 1923, which requires certain inquiries to be answered and inflicts certain penalties. Movants aver they do not come within the classification of said Code section; and are not required to answer inquiries therein contemplated. As to the board there is also averment of improper service.

A decree was entered granting the motions, and the levy quashed. An appeal was taken by complainant on an abridged record.

The levy with the sheriff's return is omitted from the transcript, and is therefore not before us. The sufficiency of the averments in the motions were not questioned in the court below. Nor do we see objection to the form of their presentation, as argued in brief. If the levy was purported to be under authority of section 7820, Code, it is clear enough movants were not mere strangers, and for that reason denied the right to interpose the motions. 23 Corpus Juris 467–469.

Perhaps the more serious contention on complainant's part is that on the hearing of the motion the execution with the sheriff's levy was not offered in evidence, that is, was not embraced in the note of testimony.

This insistence appears to find some support in 23 Corpus Juris 469, rested upon the case of Blandon v. Martin, 50 Mo.App. 114.

But we think such ruling overlooks the fact that the execution with the sheriff's return thereon is a part of the record of that particular case, of which the chancellor takes judicial notice. Courts take judicial notice of their own records, 23 Corpus Juris 109; Ex parte Tennessee Valley Bank, 231 Ala. 545, 166 So. 1, and when judicial notice is taken no proof is required. 23 Corpus Juris 58. But for the abridgement of the record, the execution and return thereon would properly be noted as a part of the record. 41 Corpus Juris 50.

Complainant argues that on this appeal the court is unable to ascertain what the sheriff did or whether or not he did anything, as his actions are not before the court. But it is evident all of this was before the chancellor, though not here presented, and it was properly before the chancellor by reason of his judicial knowledge of the record in the case which he was trying. The burden rested upon complainant on this appeal to show, not only error, but prejudicial error. Alaga Coach Line v. McCarroll, 227 Ala. 686, 151 So. 834, 92 A.L.R. 470.

The argument advanced is, in our opinion, based upon the erroneous assumption that the movants made a fatal mistake in failing to note the execution and levy in their note of testimony. This we hold they were not required to do.

Complainant has rested its entire case upon the questions herein discussed, and has assumed that any question as to the legality of the levy and whether embraced within section 7820, Code, is not presented by the record in its present form. That question is in no manner referred to in complainant's brief. We are not, therefore, called upon to enter into its consideration here.

It results, therefore, that the decree is due to be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.