JESSE G. GREENBERG, Plaintiff, v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION, OMAHA, NEBRASKA, Defendant.

First Department, December 21, 1943.

*Isaac Anolic* for plaintiff.

*Albert Hirst* for defendant.

DORE, J. On plaintiff's claim to total disability payments under an accident and health insurance policy issued to him by

defendant, both parties submit their controversy to this court under sections 546–548 of the Civil Practice Act.

Defendant, an insurance company authorized to do business in this State, issued to plaintiff an accident and health policy on December 15, 1941. The policy so far as relevant insured plaintiff " against loss   *   *   *   resulting directly and independently of all other causes, from bodily injuries   *   *   * through purely Accidental Means   *   *   *,   and against loss *   *   *   caused by disease contracted during any term of this policy   *   *   *,   subject, however, to all the provisions and limitations hereinafter contained."

The policy contained the following express limitations:

## " Additional Provisions

" (a) This policy does not cover death disability, or other loss sustained in any part of the world except the United States and Canada, or while the Insured is engaged in military or naval service in time of war, or any act of war, or while the Insured is not continuously under the professional care and regular attendance, at least once a week, beginning with the first treatment, of a licensed physician or surgeon, other than himself; nor does this policy cover disability or other loss while the Insured is suffering from insanity, mental infirmity, syphilis or venereal disease. Disability resulting from tuberculosis or heart trouble. shall be covered· only if the disease originates after the policy has been in continuous force for the six (6) preceding months."

On March 29, 1942, when the policy had been in force for less than six months, plaintiff lifted and pushed an automobile and thereafter suffered an acute pain diagnosed on March 30th as " acute coronary thrombosis " and a physician stated in his opinion that the exertion of lifting and pushing the automobile had precipitated the condition. By reason of this, plaintiff became and remained totally disabled.

The parties agree that acute coronary thrombosis is the formation of a clot in a branch of the coronary arteries which supply blood to the heart muscle, resulting in obstruction of the artery; that arteriosclerosis is present in the coronary arteries when coronary thrombosis occurs. Arteriosclerosis, they agree in defining, as a thickening of the coats of the arteries with inflammatory degenerative changes. Because of this condition of the heart artery, a blood clot is formed which blocks the supply of blood to the portion of the heart supplied by that artery. They also stipulated that arteriosclerosis is present in every person over the age of thirty-five years, but is

present in greater amount than normal at the place in the artery where the blood clot is formed. The mere presence, however, of arteriosclerosis alone without the presence of some other factors, varying from case to case, will not cause coronary thrombosis.

Plaintiff claims that the above-quoted clause does not apply to "heart trouble" caused by accidental means but to heart trouble caused by illness induced other than by accidental means; that his condition was caused by accident and that the word "disease" in clause (a) is used only to describe illness not caused by accidental means.

Defendant contends that the policy does not insure plaintiff against disability resulting from heart trouble unless such heart trouble originates after the policy has been in force for six months; and that the above-quoted clause (a) excludes disability from heart trouble whether caused by accident or otherwise if it occurs before said six months.

After reading the record, the briefs and relevant authorities, we reach the conclusion that judgment should be entered for defendant. Both the coverage against accident and the coverage against disease were expressly made subject to all the provisions and limitations thereafter contained in the policy. The limitation in clause (a) under the title "Additional Provisions" includes by its terms the whole policy coverage. It begins "This policy does not cover death disability, or other loss * * *." It then mentions, in two sentences in the same paragraph, five things not covered. The first four are contained in the first sentence beginning with the words "This policy does not cover * * *".. The fifth is in a new sentence in the same paragraph and provides "Disability resulting from * * * heart trouble shall be covered only if the disease originates after the policy has been in continuous force for the six (6) preceding months."

The clear meaning of this clause is that any disability resulting from heart trouble, regardless of how the heart trouble may have been caused, is excluded from coverage unless it originates after the policy has been six months in force. As it is stipulated that plaintiff's heart trouble occurred before the policy had been six months in force, plaintiff is not entitled to the total disability payments.

The fair and reasonable reading of the policy will always be preferred. (*Aldrich* v. *New York Life Ins. Co.*, 235 N. Y. 214, 224.) "Only when policies are capable with equal reason of more than one interpretation are they construed against the

insurer.'' (*Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137, 141.)

The submission also shows that arteriosclerosis is present in greater amount than normal at the place in the artery where the blood clot is formed. But in view of our determination of the scope of the coverage clause when read in the light of the limitation quoted, it is unnecessary on the facts here disclosed to determine whether plaintiff's condition resulted directly and independently of all other causes through purely accidental means. As it originated before the policy was six months in force, the heart trouble was expressly excluded from coverage under the policy.

Judgment should be entered in defendant's favor, without costs.

TOWNLEY, GLENNON, COHN and CALLAHAN, JJ., concur.

Judgment unanimously directed in favor of defendant, without out costs. Settle order on notice. [See *post*, p. 820.]