99 So.2d 694

Olen G. GREEN

v.

**MUTUAL BENEFIT HEALTH & ACCI-
DENT ASSOCIATION.**

4 Div. 926.

Supreme Court of Alabama.

Dec. 19, 1957.

Rehearing Denied Jan. 23, 1958.

Tipler & Fuller, Andalusia, for appellant.

Jackson, Rives, Pettus & Peterson, Birmingham, for appellee.

MERRILL, Justice.

Appeal from a judgment for appellee resulting from the giving of the peremptory affirmative charge for defendant by the trial court.

Appellant sued appellee for $1,200 on a policy of insurance wherein appellee agreed to pay appellant $200 per month for each month that appellee was totally and continuously disabled. Appellee filed a special plea showing that the policy provided that the sickness for which it furnished coverage specifically excluded "heart trouble" unless it was contracted more than six months after the policy date, which was April 12, 1955. The plea further showed that appellant became sick on August 22, 1955, with a coronary occlusion, which was "heart trouble," within six months of April 12.

At the conclusion of the testimony, the court gave the affirmative charge with hypothesis in favor of appellee. Some time after the jury had retired, it was recalled and the court gave the following charge: "I charge you gentlemen of the jury that your verdict must be for the defendant," and marked the charge with hypothesis "Refused." The trial court explained to the jury that "the court judicially knows that coronary occlusion is heart trouble and therefore does not come within the terms of this policy."

The basic question in this case is whether coronary occlusion is heart trouble.

Appellant argues first that we do not reach the basic question because there was no medical evidence that he suffered coronary occlusion. We cannot agree. The policy required proof of loss and the appellee furnished a single sheet of paper for the submission of proof of loss. The front page of the form provided questions for the claimant to answer. One of these was "What sickness or injury was suffered?" Appellant answered "coronary occlusion" over his signature. The reverse side of the form was the "attending physician's report." The second question was "your diagnosis." The answer—"coronary occlusion," and that side of the form appears to have been signed by Dr. William G. Cumbie.

■■■ Appellant contends that the reverse side of the proof of loss was not admissible because Dr. Cumbie was not called as a witness and nobody established the signature as his. This contention cannot prevail. One of the requirements of the policy called for proof of loss in the filing of a claim. Proofs of loss furnished by the beneficiary to the insurer in accordance with the terms of the policy are prima facie evidence of the facts therein stated, as against the beneficiary, and, when not explained, avoided or rebutted, are conclusive. Metropolitan Life Ins. Co. v. James, 225 Ala. 561, 144 So. 33; Woodmen of the World Life Ins. Society v. Phillips, 258

Ala. 562, 63 So.2d 707; 12 Ala. Dig., Insurance, ☞550. The statements on the proof of loss in the instant case were not avoided or rebutted and must be taken as conclusive. Furthermore, the hospital records showed coronary occlusion on both the admitting and the final diagnosis. We must hold that the undisputed evidence shows that appellant suffered a coronary occlusion within five months after the policy date.

■■■ That brings us to the main question —is coronary occlusion heart trouble? Considerable evidence was adduced from medical testimony, writings from recognized medical authorities and pictures of the heart, the effect of which was to sustain appellee's contention that coronary occlusion is heart trouble. In addition, appellee cited two cases which uphold that position, Greenberg v. Mutual Ben. Health & Accident Ass'n, Omaha, Neb., 267 App.Div. 186, 45 N.Y.S.2d 193, and Frank v. United Benefit Life Insurance Co., Mo.App., 231 S.W. 2d 234, 239. In the latter case, the court said:

"Appellant contends that coronary occlusion is heart trouble within the meaning of the policy, and that since Dr. Frank's disability was caused by coronary occlusion he was not entitled to recover, for the reason that the policy sued on expressly excepts from coverage disability caused by heart trouble within six months of the policy date.

"Respondent's contention is that coronary occlusion is not a disease of the heart, but merely a disease of the coronary artery, and therefore not 'heart trouble' within the meaning of the policy. Respondent's contention is based upon the theory that the coronary arteries are not a part of the heart, but are a part of the arterial system not directly related to the heart.

"The overwhelming weight of the evidence is to the effect that there is a structural organic unity of the coronary arteries and the other structures

·of the heart. This appears from the testimony of Dr. Frank himself when he testified that the coronary arteries were imbedded within the heart. Functionally, the coronary arteries are a part of the arterial system, as are the ·arteries in the wrist or leg, but, anatomically, they are a part of the heart, and, in our opinion, any pathology within these coronary arteries is an injury to the heart, and heart trouble within the meaning of the policy. * * * "

The following statement may be an ·oversimplification, but as we understand it, and avoiding medical terminology, a coronary occlusion is the partial or complete blocking or stoppage of the flow of blood through coronary arteries. These arteries are embedded in the heart; they start in the heart and they end in the heart. Therefore, any trouble in the coronary arteries is heart trouble as that term is commonly accepted.

■ The next point arising is whether the trial court was correct in holding that the court took judicial knowledge of the fact that coronary occlusion is heart trouble. In Hodge v. Joy, 207 Ala. 198, 92 So. 171, 174, this court quoted from Gordon v. Tweedy, 74 Ala. 232, 49 Am.Rep. 813, as follows:

"'It is customary for courts to take judicial knowledge of what ought to be generally known within the limits of their jurisdiction. This cognizance may extend far beyond the actual knowledge, or even the memory of judges, who may therefore resort to such documents of reference, or other authoritative sources of information as may be at hand, and may be deemed worthy of confidence. The rule has been held, in many instances, to embrace information derived informally by inquiry from experts.'"

We have held that the courts take judicial knowledge of the fatal character of tuberculosis and cancer, Independent Life Ins. Co. .v. Carroll, 222 Ala. 34, 130 So. 402, and ·that angina pectoris is a disease of the heart and "this may be said to be the common acceptation of the meaning of the words." Liberty National Life Ins. Co. v. Tellis, 226 Ala. 283, 146 So. 616.

We have also held that the court may know many matters judicially which it does not know actually and, when so, evidence may be taken to inform courts and juries what the fact is that in law is a matter of common knowledge. Hodge v. Joy, supra; Mutual Building & Loan Ass'n v. Moore, 232 Ala. 488, 169 So. 1. But once it is established that a fact is judicially known, or that judicial knowledge of it has been taken, no proof is required. Jobe-Rose Jewelry Co. v. City of Birmingham, 235 Ala. 178, 178 So. 215, 9 Ala.Dig., Evidence, ☞ 52. We, therefore, conclude that the trial court was correct in taking judicial knowledge that coronary occlusion is heart trouble.

■ Next is the contention that the court erred in directing the verdict instead of giving the affirmative charge with hypothesis. The rule is that where a party's own witnesses establish his adversary's case or defense, without material conflict or dispute, there can be no issue upon the credibility of the evidence, and the affirmative charge may properly be given without such hypothesis. Dorough v. Alabama Power Co., 200 Ala. 605, 76 So. 963; Harris v. State, 215 Ala. 56, 109 So. 291. The instant case comes within the rule. There was no dispute as to the policy date; or that appellant became ill within the period of time denying protection to one becoming sick with heart trouble; or that appellant's sickness was coronary occlusion. All of this evidence was adduced by plaintiff before he rested his case in chief. There being no evidence to the contrary, the court was authorized to give the peremptory charge in favor of defendant.

. In view of the conclusion stated in the preceding paragraph, it is not necessary to reply to other argued ·assignments of error

as they are concerned with rulings of the court on reception of evidence during the examination of witnesses for the defendant.

The judgment of the circuit court is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.