## BRAHAN and ROSE  v.  LeRoy Pope and Willis Pope.

1. A contract to pay a certain quantity of cotton on a day stated, or in current money, rating the cotton at twenty cents per pound, is for stipulated damages and not a penalty

2. Courts of law and equity have concurrent jurisdiction on questions of penalty, and after an adjudication at law on the question, the only remaining ground for equity jurisdiction is for discovery.

JUDGE CRENSHAW delivered the opinion of the Court.

THIS was a bill in equity for an injunction, discovery and relief against a judgement at law, obtained on an instrument of writing, given by the complainants to the defendant, Willis Pope, and by him assigned to his co-defendant, LeRoy Pope; the substance of which was a "promise for value received, to pay a certain quantity of cotton within a given time, to be delivered at Huntsville, or in current money, estimating the cotton at twenty cents per pound."

The Circuit Court decreed a dismission of the bill, and a dissolution of the injunction. From that decree, the case has been brought into this Court.

The most material question made in the argument was, whether on the complainants failing to deliver the cotton according to agreement, the defendant, LeRoy Pope, was entitled to recover at law at the rate of twenty cents per pound for the quantity of cotton not delivered, as stipulated damages, or whether he should recover no more than the market price of cotton, by reason of the twenty cents per pound being in the nature of a penalty. I am of opinion that the contract to deliver a certain quantity of cotton, or to be discharged in current money, at twenty cents per pound, was a contract for stipulated damages and not penalty.

I am further of opinion, that in cases of penalty. the courts of law and equity have concurrent jurisdiction; and that if it was penalty, the court of law having first got possession of the subject, it was as competent to decide and afford relief as a court of equity, and cannot be brought into equity after having been there adjudicated. The cause then having been adjudicated at law, the only remaining ground of equitable jurisdiction is that of discovery.

The bill charges that the above instrument was executed to secure the repayment of one thousand dollars advanced for said cotton, and that the twenty cents per pound was intended to operate as a penalty. But the answers deny these facts, and insist that there was no other contract than the written one above set forth, except that $1000 were advanced for the cotton; and exhibit such circumstances as to induce a belief that there was no fraud in obtaining the instrument. The answers are not disproved by other sufficient testimony, and therefore must be taken as true.

That the answer does not admit or deny that a part of the cotton was delivered, at eight cents per pound, is not very material. This was relevant in no respect, except to shew fraud in obtaining the written contract. It was inadmissible to alter or vary the terms of the written contract. Moreover I do not subscribe to the doctrine that a fact charged to be in the knowledge of the defendant, and not denied, is consequently admitted; because the complainant might compel him to answer by admitting or denying the fact expressly. I am satisfied with the decree and think it should be affirmed.

JUDGE TAYLOR not sitting.

KELLY and HUTCHINSON, for plaintiffs.

M'KINLEY and HOPKINS, for defendants in error.

During the remainder of this term, Chief Justice Lipscomb, from indisposition, was prevented from attending the Court.