# Stratton *v.* Fike.

## *Work and Labor.*

(Decided Dec. 16, 1909.  Rehearing denied Feb. 26, 1910.
51 South. 874.)

1. *Contract; Damages; Stipulation.*—Whether a stipulation in the contract fixing the damages for a breach thereof fixes liquidated damages or a penalty, is governed by the same rule, as to construction, as that obtaining in construing the contract, to ascertain the intention of the parties, and when so ascertained, to govern the construction accordingly.

2. *Same; Damages; Penalty; Stipulation.*—Where the nature of the contract is such that the damages for its breach cannot be cal-culated with any degree of certainty, the sum stipulated as damages will usually be treated as liquidated damages and not as a penalty, and where the damages for the breach of a single stipulation are uncertain, the sum fixed as damages will be treated as stipulated damages.

3. *Same.*—If it is doubtful from the whole contract as to whether the sum fixed as damages for a breach was intended as stipulated damages or a penalty, the doubt will be resolved in favor of construing the contract as providing a penalty.

4. *Same.*—If the damages for the breach of a contract can be definitely and certainly ascertained, the sum fixed in the contract as damages for a breach thereof will be construed as a penalty.

5. *Same.*—Where the intention of the parties to a contract can be clearly ascertained, the fact that the parties thereto named the

sum for a breach thereof as stipulated damages or as a penalty, will not control in the construction thereof.

6. *Same.*—A building contract stipulating for a specific amount of damages for a failure to complete within a given time will be construed as liquidated damages, unless clearly disproportionate to the probable loss.

7. *Same.*—A building contract which made time material, fixed the time for the completion of the work, and contained a stipulation that the owner could deduct $10.00 per day for a failure to complete in time, except for delays beyond the control of the contractor, stipulated for liquidated damages, where it appeared that the losses sustained by the owner by a failure to complete within the time agreed on were uncertain, and the advantages accruing to the contractor by the delay were also uncertain.

2. *Appeal and Error; Harmless Error; Evidence.*—The refusal to permit the introduction of evidence not shown by the bill of exceptions to be relevant for any purpose is at most harmless error.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Edward G. Fike against Georgia K. Stratton. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The facts sufficiently appear in the opinion. The following charges were refused to the defendant: (1) "The court charges the jury that if they are reasonably satisfied from the evidence in this cause that all the delay in the completion and turning over of the building after the 20th day of December, 1906, was not caused by the defendant, or by causes beyond the control of the plaintiff, one or both, then in that event you should in finding your verdict allow the defendant the sum of $10 per day for each and every day's delay beyond the said 20th day of December, 1906, not caused by the defendant, or by causes beyond the control of the plaintiff, one or both, not exceeding the sum of $1,200 in all; and if the jury are further reasonably satisfied from the evidence in this cause that the plaintiff in this case failed to perform his contract with defendant in any other particular, and thereby damaged the defendant, the jury should add this damage to the sum, if any,

for the delay aforesaid not caused by the defendant, or by causes beyond the control of the plaintiff, one or both. From this aggregate sum the jury should deduct whatever amount is shown by the evidence to be due the plaintiff, if any, and render a verdict for the defendant for the balance, if any." (2) "The court charges the jury that if they are reasonably satisfied from the evidence in this cause that 120 days or more of the delay in the completion and turning over of the building after the 20th day of December, 1906, was not caused by the defendant, or by causes beyond the control of the plaintiff, one or both, then and in that event you should in finding your verdict allow the defendant the sum of $1,200; and if the jury are further reasonably satisfied from the evidence in this case that the plaintiff in this case failed to perform his contract with the defendant in any other particular, and thereby damaged the defendant, you should add this damage to the sum of $1,200. From this aggregate sum you should deduct whatever amount shown by the evidence to be due the plaintiff, if any, and render a verdict for the defendant, for the balance."

B. B. Boone, and J. Gailard Hamilton, for appellant.— The fundamental test in the construction of all contracts involving provisions for liquidated damages is the intention of the parties.—*Henderson v. Murphy,* 109 Ala. 556; *McPherson v. Harris,* 59 Ala. 620; *Williams v. Glover,* 66 Ala. 189; *Evanton v. Smith; Comer v. Bankhead,* 70 Ala. 136; *Mason v. Ala. I. Co.,* 73 Ala. 270. But when the purpose is clear, it is said there seems to be no reason to hesitate to give it effect.—Sedgwick on Damages, 421; *Dankins v. Williams,* 17 Winn. 447. See also *Keeble v. Keeble,* 85 Ala. 559; *Watts v. Shepherd,* 2 Ala. 434; *Sun P. & P. Assn.*

[Stratton v. Fike.]

*v. Moore,* 183 U. S. 642. As to whether the contract provided for stipulated damages or for a penalty see *S. & W. R. R. Co. v. Hooper,* 69 Ala. 539; *M. & T. I. Co. v. Tisier A. & H. Co.,* 136 Ala. 600; *Henderson-Boyd L. Co. v. Cook,* 149 Ala. 226, and authorities supra.

ROACH & CHAMBERLAIN, for appellee.—The cases most nearly in point and bearing upon the case at bar are.—*Hooper v. S. & N. R. R. Co.,* 69 Ala. 529; *Keeble v. Keeble,* 85 Ala. 556; *McPherson v. Robertson,* 82 Ala. 459; *M. & T. I. Co. v. Tissier A. & H. Co.,* 136 Ala. 597; *Henderson-Boyd L. Co. v. Cook,* 149 Ala. 226, and these cases declare the amount specified to be a penalty to guarantee the completion of the work, and that only such damages as were sustained by the owner, and claimed in the complaint, and sustained by proof could, in any any event have been recovered. The evidence offered was not relevant in any aspect of the case, and hence, it was harmless error to exclude it.

MAYFIELD, J.—Appellee sued appellant on the common counts, for work and labor done, and material furnished in remodeling and improving a residence. The defendant pleaded the general issue, and several special pleas of recoupment and set-off as per the contract under which the work was done and the material furnished. The contract set forth in the special pleas, and conceded to be the one under which the work was done, was as follows:

"State of Alabama, County of Mobile.

"This instrument made and entered into by and between Peter J. Hamilton, as agent for Georgia K. Gage, of the first part, and Edward G. Fike, of the second part witnesseth: That for mutual consideration said parties do contract together as follows:

"(1) Said Hamilton hereby employs said Fike as contracter to remodel and complete the brick building east of the main dwelling on the Ketchum lot southeast corner of Government and Chatham streets, and otherwise to improve and complete in first class workmanlike order, said building for residence purposes, with wiring, sewerage and water complete, all according to plans and specifications by George D. Hulburt and Company, omitting corner ornamentation of outside walls.

"(2) Said Hamilton agrees to pay said Fike for such work the sum of four thousand, nine hundred and thirteen dollars, on proper certificates of the architect, in instalments as follows: On Saturdays up to fifteen per cent of materials delivered and work performed not to exceed one thousand two hundred and fifty dollars in the first thirty days.

"(3) Said work is to be completed and the building turned over to said Hamilton, or his principal, on or before the 20th day of December, 1906. Should said building not be turned over complete, said Hamilton may retain out of the compensation hereinabove provided for the sum of ten dollars a day until the building is so turned over, delays beyond contractor's control excepted.

"(4) Said work is to be superintended and under the direction of Willis R. Biggers, or such other architect as said Hamilton may designate.

"Witness our hands and seals in duplicate at Mobile, this first day of Sept., 1906.

"(Signed) E. G. Fike, (Seal.)

"P. J. Hamilton, (Seal.)

"Agent for Ga. K. Gage."

"Signed, sealed, and delivered in the presence of: (Corrections before execution.)   A. L. Staats."

[Stratton v. Fike.]

The only material question raised on this appeal is whether section 3 of the above contract shall be construed as liquidated damages or as a penalty. It is usually a more or less difficult question to determine whether stipulations of this kind are in the nature of liquidated damages or of penalties. No certain or fixed rule can be given for determining in all cases whether the stipulation is the one or the other. The question must therefore be determined in each particular case upon the facts and circumstances of the given cause. The intention of the parties to the contract, however, must control in all cases, if that can be ascertained. The object and end to be attained in all constructions of contracts is to ascertain the intention of the parties, and this is no exception to the rule.

This court, among others, has announced some rules or laws of construction applicable to such stipulations in contracts. In *Hooper's Case,* 69 Ala. 343, the court, through Brickell, C. J., said: "In the determination of this question, as in the determination of all other questions touching the construction of contracts, the governing guides are the subject of the contract and the intention of the parties. Considering this particular question, said Chief Justice Collier in *Watts v. Sheppard,* 2 Ala. 434: 'The first general principle in the construction of all contracts is that they shall be so expounded as to carry into effect the intention of the parties. To this end, the court should, if necessary, look to the subject-matter of the contract, the situation of the parties, the motives that led to it, and the objects intended to be attained by it.' Among principles well established in determining whether a stipulation or covenant of the character now under consideration is in its nature a penalty or liquidated damages the first is that it is the tendency and preference of the law to

regard the stipulation or covenant as of the nature of a penalty, rather than as liquidated damages, because then it may be apportioned to the loss actually sustained; and compensation for that loss is the full measure of justice and right. * * *And if it be doubtful, upon a just consideration of all the terms and purposes of the contract, of the relation of the parties, of their objects and purposes, and of the duty to be performed, whether the sum stated was intended as liquidated damages, or as a penalty, as the latter it will be construed. * * * And where the agreement or covenant is for the performance of several things, and the stipulation is for the payment of a sum in gross in the event of a failure to perform, in whole or in part, the sum stated will be considered as a penalty." Again, in the case of _Keeble v. Keeble,_ 85 Ala. 555, 556, 5 South. 149 this court announced 10 rules of construction (too lengthy to be here set out) for guidance as to such stipulations. Such stipulations have often been before the court for construction—sometimes being held to be penalties, and sometimes liquidated damages.—_Watts v. Sheppard,_ 2 Ala. 434; _Henderson v. Murphree,_ 109 Ala. 556, 20 South. 45; _McPherson v. Robertson,_ 82 Ala. 459, 2 South. 333; _McCurry v. Gibson,_ 108 Ala. 457, 18 South. 806, 54 Am. St. Rep. 177; _Brahan v. Pope,_ 1 Stew. 135; _Mansur, etc., Co. v. Tissier, etc., Co.,_ 136 Ala. 597, 33 South. 818; _Henderson, etc., Co. v. Cook,_ 149 Ala. 226, 42 South. 838. It will be found that the decision in each case depended upon the facts and circumstances of the particular contract under consideration.

If, from the nature of the contract, the damages for the breach cannot be calculated with any degree of certainty, a stipulated sum will usually be held to be liquidated damages—that is, it will be considered that the parties agreed in advance upon the amount, and it will

14—166

be so treated—but, if it is doubtful from the whole contract as to which was intended, the courts, being inclined to do equal justice to the parties if possible, will resolve the doubt in favor of the penalty construction. If the damages resulting from the breach can be definitely and certainly ascertained, then there would be no urgent necessity or occasion for agreeing in advance as to the amount thereof, and it will be construed as a penalty. The fact that the parties name the result as "stipulated damages" or as "penalty" will not control if the intention of the parties can be clearly ascertained to indicate the other. Where the damages sustained by a breach of a single stipulation in a contract are uncertain, and there is no fixed or certain standard or data by which they can be ascertained, and the parties in the contract have fixed that amount, it is reasonable to conclude that they named and fixed that amount because the amount would be uncertain if there was a breach; and it will be so treated. It will in such case be considered by the court as the measure of compensation for the breach, if it is not out of all proportion to the probable and presumable loss. Stipulations for a certain amount of damages in ordinary building contracts for failure to complete within a given time, if not clearly disproportionate to the probable loss, will be construed to be liquidated damages and enforceable as such.—*Monmouth Park Ass'n v. Wallis Iron Works*, 55 N. J. Law, 132, 26 Atl. 140, 19 L. R. A. 456, 39 Am. St. Rep. 626; *Graham v. Bickham*, 4 Dall. (Pa.) 149, 1 L. Ed. 778, 1 Am. Dec. 331; *Kunkel v. Wherry*, 189 Pa. 198, 42 Atl. 112, 69 Am. St. Rep. 802.

It seems that in this particular case the parties agreed that the work should be completed within a particular time, time being to this extent a material part, if not the essence, of the contract, that a gross sum dis-

[Stratton v. Fike.]

proportionate to all probable damages was not named, but that a reasonable amount, $10 a day, was fixed— that is, the amount was graded according to the length of the delay.   While this may be full large, and, of course, could be extended to such a length of time as to become grossly excessive, it could not become bur- densome without fault or excuse.   On the other hand, the amount agreed on for one or a dozen days might be wholly inadequate.   The owner may have lost a good renter by that delay, or, for any other probable resuli might suffer damages in excess of the amount agreed upon.   The fact that the delay in the particular case was long continued to a time that may be said to be un- reasonable or unusual cannot be looked to in constru- ing the contract.   It is only such delay as could or should reasonably have been within the contemplation of the parties when they made it, which should be taken into consideration.

Taking all things into consideration, it seems to us that the manifest intention of the parties to this con- tract was not to leave the amount of the damages for the delay in the completion of the work to uncertain- ty or to the estimate of the jury, but that they intend- ed to fix, and did thereby fix, what they considered a reasonable amount for the delay, and fixed it at so much per day, so that the parties could thereby protect themselves by completing as soon as possible or as prac- ticable.

It may be that, for aught we can know, it might have been to the interest of the builder to delay a few days, to pay this finally, rather than to go to the necessary cost and expense of completing it within the time.   The losses that the owner may have sustained by reason of the failure to complete within the time agreed upon are so uncertain, and the advantage that may have accrued

[Stratton v. Fike.]

to the builder by reason of the delay are likewise so uncertain, that it leads certainly to the conclusion that the parties to this contract must have agreed upon this amount as the measure of damages for the breach, and not as a penalty. To construe it as a penalty would give the stipulation no effect whatever, and would be making a contract for the parties, and not construing the one they made. The parties were competent to contract. Neither was the ward of the court. The stipulation is clear and certain, and we cannot know or say that it was unreasonable, oppressive, or unconscionable. We think it should be enforced as it was written, and that a jury should not be allowed to guess at what the parties agreed on in the beginning.

It therefore follows that the trial court erred in refusing the requested charges of the defendant, which authorized a finding in accordance with this construction of the contract and with the issues and the evidence. It clearly appears that the jury did not allow the damages agreed upon between the parties as damages for the delay.

There was no error in declining to allow proof of the matter sought to be proven by the defendant, to wit, that a certain witness saw the house on a certain occasion and that it was not the habitat. If this was relevant for any purpose, it is not made to so appear by the bill of exceptions.

The judgment is reversed, and the cause is remanded. Reversed and remanded.

SIMPSON, ANDERSON, and MCCLELLAN, JJ., concur.