# Bellview Cemetery Co. *v.* Faulks.

## *Assumpsit.*

(Decided ·November 19, 1912.　60 South. 461.)

1. *Contracts; Action; Complaint.*—A complaint which shows a verbal contract for grading to be done by plaintiff for the defendand at so much per cubic yard, payable monthly, and which alleges that plaintiff began work under the contract on a certain date and worked continuously for two months thereafter, and that the defendant had refused to pay plaintiff for the grading, states a cause of action as against demurrer although it does not state the amount of grading done, nor the amount plaintiff was to receive therefor. ·

2. *Same; Breach; Waiver.*—One for whom another contracts to do specified work within a specified time and in a designated manner does not waive claim to damages for a delay or for a failure to comply with the contract in other respects by allowing the work to proceed after the expiration of the time fixed and accepting the benefit of it.

3. *Same.*—A party to a contract does not deprive himself of stipulations for his benefit by a ˙failure to terminate it on its breach by the other party.

4. *Set Off and Counter Claim; Contract; Damages.*—One sued on a contract for labor may recoup the damages sustained for failure to complete the work within the time specified or for failure to comply with the contract in other respects.

5. *Appeal and Error; Harmless Error; Pleading.*—Any error in sustaining demurrer to pleas is harmless where the same matter alleged is available under the pleas remaining. ·

APPEAL ·from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

Action by J. B. Faulks against the Bellview Cemetery Company for work and labor, and on the contract. From a Judgment for plaintiff defendants appeal. Reversed and remanded.

BLACK & DAVIS, for appellant.  The court erred in overruling demurrers to the complaint.—*Montgomery Mfg. Co. v. Thomas*, 20 Ala. 473; *Armour P. Co. v. Young*, 39 South. 680; 9 Cyc. 721.  A pleader may assign in each count or plea as many breaches as he chooses.—*Nave v. Berry*, 22 Ala. 382.  The defendant had the right of set off and the fact that he received the work and the benefits derived is not a waiver of his right to recover such damages.—*Gazzam v. Kirby*, 8 Port. 253; *Shepherd v. Dowling*, 103 Ala. 563.  As to the measure of damages see.—*Smith v. Davis*, 43 South. 739; *Bates v. Birmingham P. & G. Co.*, 38 South. 845. Where there is a conflict in the evidence the affirmative charge should not be given.—*Morris v. Hale*, 41 Ala. 510; *Folmar v. Siler*, 132 Ala. 297.  Charges 10 and 12 should have been given.—*Rasco v. Jefferson*, 36 South. 246; *Sweet v. Bir. R. & E. Co.*, 39 South. 767.

BURGIN, JENKINS & BROWN, for appellee.  The court properly overruled demurrers to the 3rd count.—*Hirsch Co. v. Enterprise*, 59 South. 316; *Providence S. I. Co. v. Pruitt*, 157 Ala. 547.  Counsel discuss the pleas, but without citation of authority.  Counsel discuss other assignments but without citation of authority.

WALKER, J.—The averments of count 3 of the complaint showed the existence of a verbal contract between the plaintiff (the appellee) and the defendant under which the plaintiff was to do certain grading for the defendant at a specified price per cubic yard, the defendant to pay for all grading done on the 15th day of each month after the plaintiff should begin work; that the plaintiff began work under the contract on February 15, 1910, and worked continuously up to and including April 15, 1910; and that the defendant failed or

refused to pay plaintiff for the grading done under the contract to said date. We are of opinion that the count sufficiently shows that the plaintiff did some work under the contract for which the defendant became liable. Its averments fairly import that the plaintiff had done some of the grading called for by the contract. The suggestion that there might have been a more pointed or specific averment to this effect is hypercritical. In showing the existence of a contract, performance under it on the part of the plaintiff, and a breach by the defendant of its obligation to pay, the pleading showed a cause of action in favor of the plaintiff.—*Montgomery Mfg. Co. v. Thomas,* 20 Ala. 473. It was enough, to protect it against the attack made upon it by demurrer, that it showed that the plaintiff was entitled to recover something. It cannot be said that the count failed to show the existence of a cause of action because it failed to specify the amount of grading done or to aver that enough had been done to entitle the plaintiff to recover the amount of damages claimed . We are not of opinion that the court was in error in overruling the demurrer to that count.

Besides the special count above referred to, the complaint contained common counts on account and for work and labor done. The defendant filed several pleas setting up claims in recoupment growing out of the alleged failure of the plaintiff to comply with specified stipulations made binding upon him by the terms of the contract upon which his demand was based. As to some of these special pleas demurrers were sustained, and as to others the demurrers were overruled. Counsel for the appellant do not in argument point out any claim in recoupment which was asserted in either of the pleas which went out on demurrer which could not as well have been availed of under some of the pleas

which were unsuccessfully demurred to, and we are unable to discover any such claim of the benefit of which the defendant was deprived. It follows that whatever error there may have been in sustaining demurrers to some of these pleas was without injury to the appellant.

The defendant pleaded in recoupment the existence in the contract upon which the plaintiff's demand was based of stipulations on his part to complete the grading contracted for by March 1, 1910, and as to the manner of doing the work, and that the defendant had suffered damages in consequence of the plaintiff's failure to comply with such stipulations. To the pleas to this effect the plaintiff interposed a special replication setting up "that the defendant waived any right that it may have had by reason of the facts alleged in said pleas by recognizing the binding efficacy of the contract in question after the 1st day of March, 1910, by accepting and using the services of the plaintiff, and making certain payments thereon." The defendant demurred to this replication upon grounds, among others, suggesting its failure to show such conduct on the part of the defendant as would have the effect of a waiver by it of its asserted claims in recoupment. This demurrer was overruled. This ruling involved the proposition that the defendant, by accepting the benefit of work done by the plaintiff under the contract after the time stipulated for its completion, waived any right it might otherwise have had to recoup the damages sustained by it in consequence of the plaintiff's failure to comply with his obligations under the contract. A similar proposition was embodied in written charge 8, given at the request of the plaintiff. These rulings cannot be sustained. One for whom another contracts to do specified work within a certain time and in a designated manner does not, by allowing the work to proceed after

[Mason v. Bullock.]

the expiration of the time named and accepting the benefit of it, waive his claim to damages for the delay or for the contractor's failure to comply in other respects with his part of the contract, and, when sued on the contract, may recoup the damages sustained in consequence of such defaults on the part of the plaintiff.— *Huntsville Elks Club v. Garrity-Hahn Blg. Co.,* 175 Ala., 57 South, 750; *Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720; *Gazzam v. Kirby,* 8 Port. 253.

One party to a contract does not, by his failure to put an end to it on the other party's breach of one of its provisions, deprive himself of the benefit of stipulations in his behalf contained in the contract. The result of the rulings above referred to was to deprive the defendant of substantial matters of defense, duly alleged and supported by evidence, upon a ground plainly not entitled to have that effect. For the error in those rulings, the judgment must be reversed.

Reversed and remanded.