# George v. Roberts.

*Assumpsit.*

(Decided May 14, 1914.   65 South. 345.)

1. *Pleading; Set-Off and Counter-Claim; Necessity of Pleading.*— Set-off and counter-claim must be specially pleaded to be available, and the sustaining of demurrer to such pleas on the theory that they were available under the general issue, was error.

2. *Contracts; Pleading.*—Where the action was for work and labor done upon a building, the defense that the certificate of the architect was a condition necessary to payment, must be specially pleaded.

3. *Same.*—A defense based upon a provision of the building contract making the architect the arbiter with respect to difference between the parties, must be specially pleaded.

4. *Same; Modification; Mode.*—An executory contract providing for the construction of a building not being of a class required to be in writing, may be modified by parol, without any new or independent consideration.

5. *Damages; Liquidated; Building Contracts.*—Where the contract provided for $10 for each day's delay in the completion of the contract beyond the day fixed for its completion it was a provision for liquidated damages and not a penalty.

6. *Appeal and Error; Harmless Error.*—The court will not consider whether it was harmful to sustain the demurrers to special pleas setting up matter not available under the general issue, where defendant offered no evidence.

APPEAL from Marengo Law and Equity Court.

Heard before Hon. EDWARD J. GILDER.

Assumpsit by M. H. Roberts against L. W. George. Judgment for plaintiff and defendant appeals. Reversed and remanded.

McDANIEL & WHITFIELD, for appellant. Set-off and recoupment must be specially pleaded.—*Marlow v. Rodgers,* 102 Ala. 510. Payment cannot be shown under the general issue.—*Harper v. Leech,* 89 Ala. 577; *Slaughter v. Doe,* 67 Ala. 494; § 5331, Code 1907. Matters in avoidance, excuse or justification, must be specially pleaded. —*Thornton v. Dwight,* 120 Ala. 653. In actions on contract the general issue puts in issue the truth of the allegations of the complaint only, but does not put in issue a fact, the burden of proving which is on defendant. —*Scarbrough v. Blackmon,* 108 Ala. 656; *Am. O. E. Co. v. Ryan,* 112 Ala. 337. The court erred in permiting the question, "Did you complete the house according to contract, and according to the changes agreed on?"—*LaFayette R. R. Co. v. Tucker,* 124 Ala. 514.

ELMORE & HERBERT, for appellee. The $10 provision was a penalty and not liquidated damages.—*Stratton v. Fike,* 166 Ala. 203; *Keeble v. Keeble,* 85 Ala. 555. Having accepted the house with the changes made defendant ratified both. the acts of the contractor and architect.— *Montgomery v. Crostwaite,* 90 Ala. 573. The court would have permitted defendant to make the proof under the general issue, and as he offered no proof at all, he cannot complain of the rulings on demurrers to his special pleas.—*Thomas v. Drennen,* 112 Ala. 670; *L. & L. & G. I. Co. v. Lovin,* 59 South. 336; *Henry v. Dozier,* 161 Ala. 292.

McCLELLAN, J.—This action, by appellee, the contractor, against appellant; the owner, was stated in seven common counts and a special count, the eighth, declaring upon the breach of a builder's contract. The court gave the affirmative charge for the defendant on all the counts except 1 and 6.

The defendant presented six special pleas, besides the general issue. All the special pleas were stricken on demurrer, upon the sole ground the judgment entry recites that the matter thereof could be adduced under the general issue pleaded. This was error. With the exception of special plea 4 (payment) and special plea 7, these several special pleas set up matters necessary to be specially pleaded as against the two counts, 1 and 6.

Plea 3 asserted a set-off, or rather damages by way of recoupment.—*Marlowe v. Rogers,* 102 Ala. 510, 14 South. 790. Plea 5 set up a provision of the contract whereby a certificate of the architect was made a necessary condition of payment thereunder. See 6 Cyc. p. 93. Pleas 2 and 6 invoked a provision of the contract with respect to "differences," constituting the architect the arbiter in the premises. See *Holmes v. Richet,* 56 Cal. 307, 38 Am. Rep. 54; *Campbell v. American Co.,* 1 MacArthur

(D. C.) 246, 20 Am. Rep. 591; *Shriner v. Craft,* 166 Ala. 146, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19. The defendant offered no evidence. We cannot, therefore, consider whether the erroneous striking of the pleas on the grounds stated was without injury to him.

The sum of $10 per day, stipulated in this contract for delay in completion of the building beyond a day fixed by the contract, was not a penalty.—*Stratton v. Fike,* 166 Ala. 203, 51 South. 874; *Fike v. Stratton,* 174 Ala. 541, 56 South. 829. The fact that the building involved in the cited cases was located in a city, and that here in question is located in a town of less population, does not suffice to render inapt the authority of the cited cases on this point.

Where, as here, an executory contract is not of the class necessary to be reduced to writing, the parties may add to, alter, or modify the written contract by a parol agreement, without any new or independent consideration.—6 Mayf. Dig. p. 181, collating some of the more recent authorities.

The judgment is reversed, and the cause is remanded.

Reversed and remanded. All the Justices concur.