74 So.2d 502

## LOBMAN v. SAWYER.

### 3 Div. 975.

Court of Appeals of Alabama.

April 27, 1954.

Rehearing Denied May 18, 1954.

Knabe & Nachman, Montgomery, for appellant.

H. T. Fitzpatrick, Jr., Montgomery, for appellee.

**HARWOOD, Judge.**

Suit below was for damages for use and occupation by the defendant from 25 July 1952 to 1 December 1952 of a certain house and lot in Montgomery.

The action was brought pursuant to Section 46, Title 31, Code of Alabama 1940, the provisions pertinent to this suit being:

"A reasonable satisfaction may be recovered for the use and occupation of land:

\*   \*   \*   \*   \*   \*

"(2) When the defendant has been let into possession upon a supposed sale of the lands, which, from the act of the defendant, has not been consummated."

To the complaint, in addition to pleas of the general issue, the defendant filed three special pleas.

Plea 2 sets out that on, to wit, the 23rd of July 1952, the plaintiff and defendant entered into a written contract whereby plaintiff agreed to sell, and the defendant agreed to buy the property described in the complaint for $23,000, a copy of the contract of sale being attached to and made a part of the plea; that pursuant to the contract the defendant paid to the plaintiff $1,000 as earnest money, which sum, by the terms of the contract, would be liquidated damages in the event the defendant failed to carry out said contract; that said contract provided for consummation of the contract not later than 1 November 1952, at which time defendant as to pay plaintiff $6,500, and execute a mortgage to plaintiff in the amount of $15,500.

The plea further averred that by virtue of said contract he was entitled to immediate possession upon its execution, and that he actually took possession of the premises between 25 July and 1 August 1952; that the defendant was unable to consummate the said sales contract and relinquished possession on 1 December 1952, and that the defendant has retained the $1,000 as liquidated damages.

The other two special pleas, in varying language, raise the same defense.

To the special pleas the plaintiff filed a demurrer, the grounds of the demurrer being that the pleas constituted no defense.

Upon the court overruling the plaintiff's demurrer, the plaintiff suffered a non-suit with leave to review the ruling on the demurrer on appeal.

The parties occupying the same position on this appeal as in the court below they will, for convenience, hereinafter continue to be designated as plaintiff and defendant.

The material point of this appeal is succinctly stated by counsel for plaintiff as follows:

"The short of the matter is the satisfaction for the use and occupation and damages for breach of a contract to sell land, are two separate and distinct items. They cannot be commingled as appellee has done and as the court below has allowed appellee to do in the case at bar."

We think this contention overlooks the proposition that in all actions brought under sub-division 2 of Section 46, supra, (as well as actions brought under subdivisions 1 and 3 thereof) "there must exist a relation between the parties founded on an express or implied contract, which estops the defendant from drawing the title of the owner into the controversy." Burgess v. American Mortgage Co., 115 Ala. 468, 22 So. 282, 283; Mooty v. Doyle, 1 Ala.App. 577, 55 So. 436; Jones v. Scott, 249 Ala. 336, 31 So.2d 361.

Plaintiff's cause of action, even under Section 46, supra, must therefore be deemed to exist because of the express contract entered into between the plaintiff and the defendant, and it follows that we must determine plaintiff's rights by terms of any applicable provisions of the contract, and not merely by a consideration of the terms of Section 46, supra, as though such section created rights entirely separate from, and independent of the contract.

Referring therefore to the contract, as we think must be done, we find that one of the provisions is that:

"Party of the second part attaches hereto a check in the amount of $1,000.00 to act as good will money and to be applied on the down payment as consummation of sale. Should the purchaser fail to carry out this contract, in accordance with all of its provisions, the earnest money as shown herein shall be forfeited as liquidated damages, at the option of the seller, and the earnest money so forfeited shall be divided between the seller and the agent.

Or seller may proceed for specific performances and agent shall be entitled to his commission."

We think undoubtedly that deprivation of use and occupation of the premises by the plaintiff during the operation of the executory sales contract must be considered as an element of damages resulting from a breach of the contract, because of the following principles.

In Alabama, under an executory contract for the sale of lands, with no stipulation to the contrary, the contract of itself operates as a transmutation to the vendee of the possession entitling him to the right of entry and enjoyment of the premises. Wilson v. Thompson, 255 Ala. 165, 51 So.2d 20; Forrester v. Granberry, 211 Ala. 402, 100 So. 551; Milwaukee & Mechanics Ins. Co. v. Maples, ante, p. 74, 66 So. 2d 159.

Prior to the enactment in 1852 of the progenitor of Section 46, supra, there seems to have been a conflict in our cases as to whether a conditional vendor could recover damages for use and occupation where the sales contract was breached by the vendee. Compare Davidson v. Ernest, 7 Ala. 817, and Smith v. Wooding, 20 Ala. 324, permitting such recovery, with Bell v. Ellis' Heirs, 1 Stew. & P. 294, denying such recovery.

It would appear that the purpose of the enactment of the progenitor of Section 46 was therefore to make clear the right of a grantor in an executory contract to recover compensation for use and occupation of the premises when the executory contract was breached by the vendee. Regardless, it is clear that since 1852 a vendor under such a contract has had a right to damage under such conditions. This factor we think presents an additional reason necessitating the conclusion that such damages are an element of the damages recoverable for the breach by the vendee of an executory contract for the sale of land.

This being so, it must be deemed that if provision in the executory contract entered into between the parties, relating to liquidated damages, is enforceable as a

provision for liquidated damages, and did nòt provide for a penalty, then such provision is determinative of the full damages that the plaintiff can recover. Terry v. Eslava, 1 Port. 273; Learned v. Holbrook, 87 Or. 576, 170 P. 530, 171 P. 222; McCormick on Damages, Section 152; 15 Am. Jur. Damages, Section 264 and cases therein cited.

The damages likely to result from a breach of the executory contract in this case being uncertain and difficult of determination, and not unreasonably disproportionate to the probable loss, we would be unjustified in casting error on the lower court on the basis that the provision called for a penalty rather than liquidated damages.

Affirmed.