177 So.2d 320

**S. J. OTINGER, Jr.,**

v.

**WATER WORKS AND SANITARY SEWER BOARD.**

3 Div. 157.

Supreme Court of Alabama.

July 15, 1965.

Jones, Murray & Stewart, Montgomery, for appellee.

HARWOOD, Justice.

Jerry L. Coe, Montgomery, for appellant.

In the proceedings below S. J. Otinger, doing business as S. J. Otinger Construction Company, filed a complaint claiming $3,872.45 due from the Water Works and Sanitary Sewer Board of the City of Mont-

gomery, Alabama, hereinafter called the Board, for work and labor done.

The Board filed its answer denying any indebtedness to Otinger, and also by way of counterclaim sought recovery of $2,627.55, it had allegedly overpaid Otinger.

The case was heard by the court without a jury, and after hearing, the court adjudged that neither party should recover of the other, and taxed the costs equally between the parties.

Otinger's motion for a new trial being overruled, he perfected this appeal from that part of the judgment denying his claim. The Board has not appealed.

In its counterclaim the Board averred that the plaintiff, Otinger, had entered into a written contract with the Board for the construction of trunk sewers, force mains, and a lift station in the area of Catoma Creek, and a copy of said contract was attached to and made a part of the counterclaim. It was further averred that the "plaintiff commenced the work to be performed under the contract on, to-wit: October 17, 1961, after being sent a written order of the defendant"; that the plaintiff did not complete the contract within 120 consecutive days from commencement of the work, but 250 consecutive days thereafter, thereby exceeding the contract time by 130 days; that the contract provided for $50.00 a day as reasonable liquidated damages if plaintiff exceeded 120 days in completing the contract; that "the defendant has fully performed all of its obligations under the contract, and the plaintiff has fully performed the work required of him, but exceeded the time limit imposed by the contract by 130 days;" and under the contract the defendant was entitled to withhold $6,500 damages, which amount the defendant offered to offset against the demand of the plaintiff, and the Board claimed an excess of $2,627.55.

The counterclaim further avers that upon completion of the work, the Board withheld $3,872.45, representing additional engineering fees paid its consulting engineers, which

additional fees resulted from delay in completing the contract.

In brief counsel for appellant, Otinger, argues that the court erred in overruling appellant's demurrer to the counterclaim in that under the contract the Board was to give notice of the time of beginning of the work, and the complaint fails to allege the date for the commencement of the work. The counterclaim does allege that the plaintiff "commenced the work to be performed on, to-wit: October 17, 1961, after being sent a written order of the defendant." We consider this a sufficient averment of the giving of the notice.

Further, the counterclaim avers that the "defendant has fully performed all of its obligations under the contract * * *." The discharge of the burden on the plaintiff to aver performance on his part, of a condition precedent to the accrual of a claim, is met by averring that he has met all of the provisions of the contract. Floyd v. Pugh, 201 Ala. 29, 77 So. 323.

The court therefore did not err in overruling appellant's demurrer to the counterclaim in this aspect.

Counsel for appellant further contends that the court erred in overruling appellant's demurrer to the counterclaim in that ground 12 of the demurrer is to the effect that it affirmatively appears that the basis of appellee's claim is a contractual provision for a penalty.

The provision of the contract relating to payments for delay in completion of the contract is as follows:

"It is mutually agreed between the parties hereto that time is the essence of this contract, and in the event the construction of the work is not completed within the time herein specified, it is agreed that from the compensation otherwise to be paid to the Contractor, the second party may retain the sum of $50.00 per day for each day thereafter, Sundays and holidays included, that the work remains uncompleted, which

sum shall represent the actual damages which the Owner will have sustained per day by failure of the Contractor to complete the work within the time stipulated, and this sum is not a penalty, being the stipulated damage the second party will have sustained in the event of such default by the first party."

Counsel's argument is that the fact that since Sundays and holidays are included in the time limit, this demonstrates that the provision is for a penalty and not for liquidated damages.

■ It has been consistently held by this court, and our Court of Appeals, that when a contract is entered into, and the nature and amount of damages resulting from a breach thereof are conjectural and uncertain, the parties have a right to fix the same by contract, and having employed language showing an intention to fix the damages for a breach of the contract and if reasonable, the courts are not authorized to abrogate such provision by declaring it a penalty. Stratton v. Fike, 166 Ala. 203, 51 So. 874; World's Exposition Shows v. B. P. O. Elks, etc., 237 Ala. 329, 186 So. 721; Lobman v. Sawyer, 37 Ala.App. 582, 74 So.2d 502.

■ The total amount to be paid for the work by the Board under the contract was $118,648.75. The damages to the Board if the contract was not completed in time were uncertain and conjectural. The amount fixed as liquidated damages in relation to the amount involved under the contract does not appear unreasonable. The fact that Sundays and holidays were included in the limitation fixed in which the contract was to be completed, cannot be deemed to change the amounts fixed as liquidated damages into a penalty. The parties were legally competent to contract. Their intent was clear. If the provision including Sundays and holidays in the limitation was hard or improvident, courts are unauthorized to grant relief merely on such basis. Henderson v. Murphree, 109 Ala. 556, 20 So. 45. We find no basis for disturbing the lower court's conclusion that the provision of the contract relating to liquidated damages was a valid and enforceable provision.

Counsel for appellant further contends that the facts presented below show that the Board by its action waived the time limit provided for in the contract.

This argument is based upon correspondence between appellant and the Board. By letter dated 19 February 1962, addressed to the Board, the appellant stated he "would like to request at this time that the City Water and Sanitary Board give every consideration that they possibly can to our request for an extension of time to complete the project we are engaged in on the Catoma Creek Outfall and Pump Station."

To this the Board replied:

"The Board considered your letter in the regular monthly meeting, Tuesday, February 20th, noting that the request made no specific mention of the number of days you were requesting.

"I was directed to write you that since the completion date (Feb. 4, 1962) has passed, that you proceed with the unfinished work with reasonable and continual progress until the project has been completed and approved by the Consulting Engineers, J. B. Converse and Company.

"At that time the Board will be glad to have you appear for a review of the delay and to assure you of its full consideration of those circumstances."

■ As we read the above letter from the Board, it is a denial of the request for a waiver of the time limit, though a statement that such matter would be considered upon completion of the contract. This the Board apparently did, and instead of withholding from the appellant the full amount of the liquidated damages, it withheld only the additional engineer fees it had incurred as a result of the delay.

■ Where a contract fixes the time for completion of work and makes time of the essence, the obligee does not waive non-

performance within the specified time by merely allowing the work to go on to completion after expiration of the time limit. A waiver must operate by way of an estoppel or be supported by a valuable consideration to be binding. Huntsville Elks Club v. Garrity-Hahn Building Co., et al., 176 Ala. 128, 57 So. 750; Bellview Cemetery Co. v. Faulks, 6 Ala.App. 137, 60 So. 461.

It is next contended by appellant that he was excused from performance within the time limit of the contract by an act of God, i. e., the flood conditions of Catoma Creek during the progress of the work.

Where an obligation is imposed by law, such as the obligation of a common carrier, the law will excuse a failure to perform resulting from an act of God. On the other hand, where one by his contract creates an absolute obligation in which the obligation rests on himself, he is bound to perform within the terms of the contract, or answer in damages despite an act of God, unexpected difficulty, hardship, or inevitable accident, since he should have provided against such contingencies by his contract. Partridge v. Forsyth, 29 Ala. 200; Capital Fertilizer Co. v. Ashcraft-Wilkinson Co., 202 Ala. 92, 79 So. 484.

Particularly is this doctrine applicable where the contingency could reasonably have been foreseen and guarded against. (See 15 Ala.Law Rev. p. 582, and cases and texts discussed therein.) The senior engineer for J. B. Converse and Company, consulting engineers for the Board, testified flood conditions were not unusual at Catoma Creek, and further, that "it is a known fact that here in Montgomery during the winter months that Catoma Creek does get up and spread out." No merit attaches to the contention of appellant that the flood conditions of Catoma Creek furnished to him an excuse for non-performance within the time limits fixed by the contract.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.