The plaintiff, Cullman Broadcasting Co., Inc., appeals from a judgment of the Circuit Court denying both injunctive relief and damages. We reverse.
This case was submitted to the trial court on a stipulation of facts and the briefs and arguments of counsel. The facts, briefly, are as follows: Bosley entered into a written employment agreement with the appellant whereby he was employed as a radio station announcer, or disc jockey. The employment contract contained a covenant not to compete which provided:
COVENANT NOT TO COMPETE:
 For a period of one (1) year after termination of his employment with Employer for any reason whatsoever, including expiration of the term of this agreement, Employee will not, directly or indirectly, be employed by, receive talent for, contract for the use of his voice, participate in or be connected in any manner with the ownership, management, operation or control of any radio station, television *Page 832 
station, or CATV system with studio or transmitting facilities in the County of Cullman in the State of Alabama. The parties hereto recognize that it will be difficult to determine the damages which would be suffered by Employer in the event of a breach of this covenant not to compete and it is therefore agreed by the parties hereto that any such breach by Employee shall entitle Employer to liquidated damages against Employee in the amount of $3,000, and that in addition, Employer shall have such remedies as are in law or equity provided, including, without limitation, any action for specific performance or for injunctive relief. It is specifically understood that in the event of litigation resulting from a breach of this covenant not to compete, Employer shall be entitled to recover, in addition to any liquidated damages, all costs incurred, including a reasonable attorney's fee.
The appellee's employment with the appellant was terminated in January of 1978 and thereafter, in July, 1978, he was employed as a radio announcer for another radio station in Cullman.
The appellant filed this action seeking a temporary restraining order, liquidated damages and punitive damages. On the date of the hearing for a temporary restraining order, this case was argued and submitted to the trial court for a decision on the merits. The trial court entered judgment for the appellee.
The three issues raised by the appellant are that:
 1. the trial court incorrectly considered evidence not contained in the stipulation of facts and that such evidence was in fact, erroneous;
 2. the trial court erred in deciding as a matter of law that this covenant not to compete was unreasonable and
 3. the trial court erred in refusing to award nominal damages.
 I
With respect to the first issue, the trial court noted that there was no indication "that the listeners of the Plaintiff radio station are the same listeners that might be attuned to the radio station for which Defendant is now employed, to the contrary, it appears that Plaintiff's radio station would have a different group of listeners, that being a Country and Western music station, than would the radio station which presently employs the Defendant, that being a Popular music station."
It is undisputed that there was no evidence relating to the type of music each of these radio stations broadcasts. Courts may take judicial notice of matters of common knowledge without suggestion of counsel, O'Barr v. Feist, 292 Ala. 440,296 So.2d 152 (1974), and without proof thereof. Green v. Mutual BenefitHealth Accident Ass'n, 267 Ala. 56, 99 So.2d 694 (1957). Assuming that the content of each station's broadcasts was of common knowledge and therefore the proper subject for judicial notice, the mere fact that one radio station broadcasts different programs than another radio station does not necessarily warrant a conclusion that the listeners of each station do not overlap to some degree.
As the appellant points out in its brief, this Court has held that a court may not take judicial knowledge of a fact which might be disputed by competent evidence. Connecticut GeneralLife Ins. Co. v. Smith, 226 Ala. 142, 145 So. 651 (1932). The appellant asserts that competent evidence exists which tends to establish a significant degree of overlap between country music and popular music, i.e., "a virtual merger." We agree with the appellant that the diversity between fans of country and western music and fans of popular music is not so generally recognized and established as to constitute common knowledge. We therefore hold that the trial court erred in making conclusions in this regard absent specific proof directed at this issue.
 II
The appellant's second contention is that the covenant not to compete is reasonable as to both time and space and the trial *Page 833 
court erred in holding that it was unreasonable and overbroad. Code 1975, § 8-1-1 provides inter alia that contracts restricting anyone from exercising a lawful profession, trade or business are void except that an agent, servant or employee may agree with his employer not to engage in or carry on a similar business and not to solicit old customers of the employer.
Justice Maddox reviewed the law regarding covenants not to compete in Robinson v. Computer Servicenters, Inc.,346 So.2d 940 (Ala. 1977).
. . . Contracts restraining employment are looked upon with disfavor, because they tend not only to deprive the public of efficient service, but tend to impoverish the individual. . . . The courts will not specifically enforce, as of course, the naked terms of a negative covenant in a personal service contract restricting other employment, unless supporting the affirmative promise, the employer has a substantial right unique in his business which it is the office of the court to protect, and the restriction laid upon the employee has a reasonable relevancy to that result, and imposes no undue hardship. . . . [Citations omitted.]
346 So.2d at 943.
Moreover, the validity of a covenant not to compete is dependent on the particular facts of each case. Robinson, supra.
In this case, the relevant facts are that the appellee was employed by the appellant as a disc jockey for the appellant's radio station. The covenant not to compete provided that for a period of one year after the termination of the appellee's employment with appellant, he would not be employed by any radio station, television station or CATV system with studios or transmitting facilities in Cullman County, Alabama. Approximately seven months after the appellee's employment with the appellant terminated, the appellee started to work as a radio announcer for another radio station in Cullman, Alabama.
Cases from other jurisdictions which have addressed the issue of the enforceability of covenants not to compete in the context of radio announcers illustrate that, as this Court has observed, the facts of each particular case determine the outcome. Compare Clooney v. WCPO Tv. Div. of Scripps-HowardBroadcasting Co., 35 Ohio App.2d 124, 300 N.E.2d 256 (1973) andSkyland Broadcasting Corp. v. Hamby, 2 Ohio Op.2d 426,141 N.E.2d 783 (Ohio Com.Pl. 1957) with Bennett v. StorzBroadcasting Co., 270 Minn. 525, 134 N.W.2d 892 (1965) and WAKEBroadcasters, Inc. v. Crawford, 215 Ga. 862, 114 S.E.2d 26
(1960).
In Bennett, supra,[1] the Minnesota Supreme Court cited the presumably unpublished judgment of the trial court in a related case. There, the employer-broadcaster sought injunctive relief to restrain its former employee from working as an announcer for a rival radio station. The trial court refused to enjoin the employee from working despite a covenant not to compete very similar to the covenant in this case. (The time and space limitations were, respectively, 18 months and 35 miles.) *Page 834 
The trial court's refusal to enforce the restrictive covenant was based upon its findings that, inter alia:
 a. the employee was an above-average announcer or disc jockey but his abilities were not unique, unusual, extraordinary or of great value;
 b. the employer did not expend substantial amounts of money to advertise, develop or feature the employee or his program and whatever abilities and capacities the employee possessed were not developed while he was working for the employer;
 c. the employer materially changed the format of the employee's customary program thereby limiting and changing his "radio personality" and, ultimately;
 d. the employer relegated the employee to an inferior position, i.e., taping an all-night program which did not carry advertising.
The trial court determined that the evidence conclusively indicated that at no time during the employment contract, except perhaps its inception, did the employer consider the employee as anything other than an ordinary, if not less than ordinary, "radio personality." The trial court further found that the employee did not possess trade secrets, business secrets or confidential information. There was insufficient evidence to indicate that the employer had secured or retained customers because of the employee, or that the employer had lost or would lose customers in his absence.
In the Crawford case, supra, the Supreme Court of Georgia refused to enforce a covenant not to compete. Again, the covenant not to compete was essentially similar to the covenant in the instant case, the time and space limitations were 18 months and 50 miles. The court, however, found that this covenant was unreasonably and unnecessarily broad since the broadcaster-employer was a subsidiary of the "Bartell Group" and the covenant purported to restrict the employee from working within 50 miles of "any city in which the Bartell Group now or shall . . . own or operate" a radio or television station. The contract did not identify either the cities with "Bartell Group" stations or the stations themselves and considering the prospective application of the covenant not to compete, the Georgia Supreme Court concluded that it would be difficult, if not impossible, for the employee to know whether he was violating the covenant. Therefore, the covenant was unreasonable and the requested injunctive relief was denied.
In Clooney, supra, the employee sought a declaratory judgment as to his rights against his former employer under a covenant not to compete contained in his employment contract. He also sought a restraining order preventing the employer from interfering with negotiations between himself and any third party. The covenant not to compete provided that the employee, who was a broadcasting and television personality, would not perform competitive services for one year after the termination of his employment agreement for any radio or television licensee within 100 miles of Cincinnati, Ohio.
An Ohio appellate court, after finding that the employer incurred substantial expenses in promoting the employee as a personality and that he was publicized and developed as a special talent, ruled for the employer. The court found that the "territorial non-competition provision in the contract of employment [was] . . . reasonable and enforceable and that the restraint imposed [was] not beyond that necessary for the protection of the employer's business, [did] not unreasonably restrict the employee, and [did] not contravene public policy."
The trial court in Hamby, supra, also upheld the validity of a covenant not to compete against an employee who quit after he disapproved of changes in the format. This covenant provided that the employee, for a period of 8 months after the termination of his employment with the employer, would not act as an announcer or disc jockey for any other radio or television station within 35 miles of his employer.
The court found that the employee had specialized in "hillbilly" type entertainment *Page 835 
and that the employer had advertised and promoted the employee as one of its feature personalities. The court, in granting injunctive relief, recognized "the unusual nature of radio broadcasting, its relationship with the listening public, and the unusual and unique nature of its service and the service of its performers and employees who are active in this medium of entertainment."
We are convinced that a more extensive presentation of evidence in this case would have benefited both the trial court and this court in determining whether the appellee's abilities were "ordinary, if not less than ordinary," Bennett, supra, or whether the appellee was a "personality," "a special talent,"Clooney, supra, or a "feature personality," Hamby, supra. On the record before us, we do not believe that the trial court was justified in refusing to enforce this covenant not to compete.
The record indicates that the appellant considered its relationship with its listening customers as one of its most valuable assets and that the preservation of that relationship was important to its business. Furthermore, much effort had been expended to build up and develop its customers and that while the appellee was employed with the appellant, (as an announcer and not a salesman) he was a representative of the appellant to its customers and prospective customers in its territory and sales area in Cullman County.
The trial court found that this covenant was first, too broad and second, unnecessary in that it would place a much greater burden on the employee than the relative benefit inuring to the employer. The trial court found that the covenant was too broad because it restrained the employee "from any type of employment or any activity in connection with any radio station, television station or CATV system." The court reasoned that the covenant prevented the employee from being "employed or connected in any manner with any of these type facilities in any capacity, including that of janitor."
As the court in Clooney, supra, noted, an agreement in restraint of trade may be divisible. An unreasonable limitation or restriction may be stricken from the pertinent contractual provision, leaving the balance of the provision binding on the parties. Accord, Mason Corp. v. Kennedy, 286 Ala. 639,244 So.2d 585 (1971); Restatement (Second) of Contracts § 326, Comment b, Illustrations 2 and 3 (1977).[2]
The potential invalidity of this covenant on grounds of overbreadth does not compel the conclusion that it is overbroadas applied. If the employer was trying to prevent its former employee from working as a janitor with a competitor, we might be faced with the prospect of striking down an unreasonable limitation or restriction. In this case, however, the employer is seeking to restrain a radio announcer from announcing on a rival radio station. Thus, the employment sought to be restrained is essentially the same job the employee previously performed and under these circumstances, the limitation is not unreasonable.
With respect to the trial court's determination that the covenant unnecessarily *Page 836 
placed a greater burden on the employee than the employer's interest warranted, we believe that an application of the test enunciated in Robinson v. Computer Servicenters, Inc., results in a different holding. There are three elements which must be satisfied before a covenant not to compete is enforceable. These elements are: the employer must have a substantial protectible right unique in his business; the restriction on the employee is relevant and reasonable to the protection of that right; and there is no imposition of undue hardship on the employee.
We believe that the appellant possessed a substantial right in its business sufficiently unique to warrant the type of protection contemplated by this non-competition agreement. The very nature of radio broadcasting is such that often the only personalized contact the broadcaster makes with the listening audience is through its individual announcers. To the casual listener, the only personal means of identifying the broadcaster (and its advertisers) is through the announcer. For better or worse, the announcer establishes the identity of the broadcaster and conveys the broadcaster's message to the community. Therefore, we do not deem it unconscionable for a broadcaster to seek to restrain a former announcer from identifying a different broadcaster and conveying a different message.
This restraint, as contemplated by the second requirement ofRobinson, supra, must be relevant and reasonable. A review of the cases from other jurisdictions previously cited as well as the relevant Alabama case law indicates that a restraint on employment consisting of a one year proscription in just one county is consistent with the standard of relevancy and reasonableness. As we have noted above, the scope of this covenant, as applied, is not too broad.
The final element of this test is that the operative effect of enforcing the non-competition covenant imposes no undue hardship on the employee, or as this Court has previously stated in Hill v. Rice, 259 Ala. 587, 67 So.2d 789 (1953):
 whether [the restraint necessary for the employer's protection] imposes on the employee any greater restraint than is reasonably necessary to secure to the business of the employer . . . such protection, regard being had to the injury which may result to the public from restraining the breach of the covenant in the loss of the employee's service and skill and the danger of his becoming a charge on the public. . . .
259 Ala. at 592-93, 67 So.2d at 794.
 We do not see how any less onerous burden could be placed on the appellee without completely derogating the covenant not to compete. The importance of this covenant is emphasized by reference to the preface to this employment contract.
 WHEREAS, the parties hereto desire to enter into an agreement whereby Employee will be employed as a Radio Announcer by Employer, and
 WHEREAS, the parties hereto understand that a valuable asset of Employer's business is acceptance by its listening audience of its radio announcers; and
 WHEREAS, such acceptance by said listening audience will be determined in large measure by the radio personality of Employee; and
 WHEREAS, acceptance of Employee by said listening audience will be developed at the expense of Employer; and
 WHEREAS, the parties hereto understand that a covenant not to compete, as hereinafter set forth is essential for the protection of Employer;
 NOW, THEREFORE, in consideration of the promises and of the mutual covenants hereinafter stated, it is hereby agreed as follows:
 [The balance of the employment agreement is then set out.]
Absent evidence of overreaching or bad faith on the part of the employer, we are unwilling to render this covenant not to compete null and void. It appears from the record and the trial court determined that the employee executed this agreement voluntarily and we are of the opinion that it is enforceable. *Page 837 
 III
Finally, we believe that the liquidated damages provision is an adequate remedy under the circumstances of this case. This provision contemplates the difficulty of ascertaining the damage sustained by the employer in the event of the employee's breach. The difficulty of proving the employer's damages in cases of this type has been cited as an important consideration in determining whether to enjoin the employee from breaching a covenant not to compete.
. . . However the immediate employment of a radio or any unusual performer or artist by a direct competitor in the same limited geographical area in violation of a valid and express agreement not to do so during a reasonably short period is a situation peculiarly within the sphere of equitable jurisdiction and requires the exercise of such equitable power to prevent that type of injury and damages which can be determined, if at all, only with incredible difficulty at the end of the period of time agreed upon in the contract. . . . We can only anticipate the problem of ascertaining the value represented by a loss of listener ratings to the former employee on the competing station and the effect of such loss upon advertisers, who are influenced by such ratings, and upon listeners. The number and complexity of the factors involved cannot be equaled in any other situation. This indicates that the nature and full extent of the direct and incidental injury to the plaintiff is incapable of exact measurement and constitutes an irreparable loss. As the court has indicated, the appropriate step is equitable prevention of such improper acts by the defendant and the resulting injury by specifically enforcing the restriction which the defendant expressly agreed to in event this very situation arose. [Citations omitted.]
Hamby, supra, 141 N.E.2d at 786.
Even though we have decided that the covenant in this case was enforceable, it does not necessarily follow that the trial court improperly denied injunctive relief. The decision regarding injunctive relief is based on a consideration of the nature and character of the employment, the size and condition of the locality to which the prohibition extends, the duration of the prohibition and the consideration moving to the employee for his agreement to the restriction. Mason Corp. v. Kennedy,supra.
If a trial court upon a consideration of the factors noted above, refuses to enjoin an employee from breaching a covenant not to compete, that refusal does not preclude an action by the employer for damages arising out of the employee's breach. Moreover, a stipulation between the parties to a contract as to an amount to be considered liquidated damages in the event of a failure to perform obviates the need for proof of damages.
The doctrine of liquidated damages is firmly embedded in Alabama jurisprudence. Brahan v. Pope, 1 Stew. 135 (Ala. 1827). In the leading case of Watt's Ex'rs v. Sheppard, 2 Ala. 425
(1841), a principle was announced which is applicable in this case.
 Where the damages which may result from the non-performance of a contract, are uncertain, and cannot be admeasured with any degree of accuracy, there, the sum agreed to be paid by the party in default, will be regarded as liquidated damages.
2 Ala. at 445.
In Otinger v. Water Works and Sanitary Sewer Board, 278 Ala. 213, 177 So.2d 320 (1965), it was stated that
. . . when a contract is entered into, and the nature and amount of damages resulting from a breach thereof are conjectural and uncertain, the parties have a right to fix the same by contract, and having employed language showing an intention to fix the damages for a breach of the contract and if reasonable, the courts are not authorized to abrogate such provision by declaring it a penalty. [Citations omitted.]
278 Ala. at 216, 177 So.2d at 322.
We are therefore of the opinion that the liquidated damages, as specified in this contract, *Page 838 
should have been awarded to the appellant notwithstanding the fact that injunctive relief might have been inappropriate. We note in passing that the one year restriction embodied in this contract expired in January, 1979.
Based upon our conclusions and the authorities heretofore cited, this case is due to be reversed and remanded for further proceedings consistent with the views expressed in this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.
[1] In the reported case, Bennett v. Storz Broadcasting Co.,270 Minn. 525, 134 N.W.2d 892 (1965), the employee brought an action against his former employer, alleging a tortious interference with a prospective employment agreement. The employer's defense was justification. The employer contended that the covenant not to compete, which is discussed in the text and which had been the subject of the related litigation discussed in the text, vested the employer with a conditional privilege to assert his legal rights by writing a letter to another radio station with whom the employee was negotiating.
The trial court granted the employer's motion for summary judgment stating that the restrictive covenant represented an interest of the employer so as to justify the letter. The summary judgment was granted despite the fact that another trial court had refused to enforce the covenant, as discussed in the text.
The Minnesota Supreme Court reversed the granting of the motion for summary judgment, holding that the record did not support a conclusion that the employer's reliance on the covenant was justified, particularly in light of the prior decision refusing to enforce the covenant by injunctive relief. The Supreme Court ruled that important fact questions had to be resolved before the employer's justification was established, therefore summary judgment was inappropriate.
[2] Illustration 2
A, who is engaged in business as a baker and confectioner, sells the business to B, and as part of the bargain promises not to engage in the business of "baker, confectioner, or other business" within the same town for three years. The provision is fairly bargained for. B's promise is so broad as to be unreasonably in restraint of trade because A's business is only that of baker and confectioner. Although part of B's promise is unenforceable on grounds of public policy (§ 330), it is enforceable with respect to the business of baker or confectioner.
Illustration 3
A sells his grocery business to B and as part of the agreement promises not to engage in that business "within the city where the business is situated or within a radius of fifty miles." The provision is fairly bargained for. A's promise involves an unreasonable restraint of trade because the business extends within the city and over a radius of only twenty-five miles. Although part of A's promise is unenforceable on grounds of public policy (§ 330), it is enforceable with respect to the city and twenty-five miles.