Ray Sumlin Construction Company ("Sumlin") brings this appeal from a judgment (made final pursuant to Rule 54(b), A.R.Civ.P.) awarding the City of Mobile $198,354 in liquidated damages plus accrued interest against Sumlin for breach of contract in the construction of a parking garage adjacent to the Riverview Hotel and office complex in Mobile. The trial court awarded Sumlin $69,252.80 on its motion for partial summary judgment, and $82,393.20 on its counterclaim for the balance due on the contract. This appeal follows the trial court's denial of Sumlin's motion for new trial. We affirm.
Sumlin frames three issues for this Court's consideration: First, whether the City's requirement and performance of load testing prevented substantial completion of the project by the contract deadline, thereby entitling Sumlin to avoid the liquidated damages clause of the contract; second, whether the City's refusal to allow certain extensions of completion time for delays alleged to be anticipated under the contract entitled Sumlin to avoid the liquidated damages clause; and third, whether the liquidated damages clause is invalid as a penalty.
The evidence relating to the first and second issues, which involve questions of fact, was heard without a jury, and those questions were decided by the trial court as factfinder. The trial court's findings are supported by competent evidence; therefore, applying the ore tenus rule of review, we affirm the trial court's judgment as it relates to these two issues, on the authority of Clardy v. Capital CityAsphalt Co., 477 So.2d 350 (Ala. 1985); and Roberts v. PeoplesBank Trust Co., 410 So.2d 393 (Ala. 1982).
As to the third issue, the provision in the building contract that for each day's delay in completion beyond a fixed day the contractor will be liable in the sum of $3,051.61 (on a total contract of $9,254,000) is not a penalty, but is a provision for liquidated damages.George v. Roberts, 186 Ala. 521, 65 So. 345 (1914). See, also,Otinger v. Water Works Sanitary Sewer Board, 278 Ala. 213,177 So.2d 320 (1965), and E.C. Ernst, Inc. v. ManhattanConstruction Co., 551 F.2d 1026, on rehearing, 559 F.2d 268
(5th Cir. 1977), cert. denied sub nom. Providence Hospital v.Manhattan Construction Co., 434 U.S. 1067, 98 S.Ct. 1246,55 L.Ed.2d 769 (1978).
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.